CITY OF MIAMI BEACH and LOUIS F. SNEDIGAR, as Mayor of the City of Miami Beach, *et al.*, v. STATE, *ex rel.* IDA R. LEAR, *et vir.*

175 So. 537.

Opinion Filed June 30, 1937.

*J. Harvey Robillard,* for Plaintiffs in Error;

*Benjamin Cohen* and *Edward L. Lustgartner,* for Defendants in Error.

BUFORD, J.—Defendants in error instituted mandamus proceedings in the Circuit Court of Dade County to coerce the plaintiffs in error "to forthwith issue to said Ida R. Lear, a permit to operate a school for minors within the said premises." The premises referred to were desscribed as "the following described property lying within the corporate limts of the City of Miami Beach, Florida; 1500 Collins Avenue, City of Miami Beach, Florida."

After motion to quash alternative writ was denied, respondents answered, pleading Sec. 5 of Ordinance No. 289, as amended by Ordinance No. 433, approved August 6, 1936. Section 5 of Ordinance No. 289 was prior to amendment as follows:

"SECTION 5.

"USE REGULATIONS.

"MULTIPLE-FAMILY DISTRICT.

"In the 'RE' Multiple-Family District, no building or land shall be used and no building shall be hereafter erected, constructed, reconstructed or structurally altered which is designed, arranged or intended to be used for any purpose, unless otherwise provided for in this ordinance, except for one or more of the following uses:

"(1) Any use permitted in the 'RDD' Modified Single-Family District (427).

"(2) Multiple-family dwellings or apartments in accord with the area provisions hereinafter defined, and accessory buildings.

"(3) Hotels.

"(4) Hotels with one hundred (100) or more guest rooms may contain business establishments of the 'BAA' classification providing the exterior of the building shall not contain store fronts or have the appearance of commercial or mercantile activities or any display of articles or services for sale which are visible from the exterior of the building or on the grounds facing a public highway or water frontage, and providing further that businesses established under the provisions of this section shall only be entered from within the building.

"(5) Private clubs, only upon approval and permit by the city council of the City of Miami Beach (389).

"(6) Bungalow or house courts.

"(7) Apartment hotels. Provision for exterior appearances to the same as provided in Item 4 for Hotels.

"(8) Miniature golf courses.

"(9) Public or private schools.

"(10) Accessory uses for tenants only (427)."

The pertinent part of the amendatory ordinance No. 433 is as follows:

"BE IT ORDAINED BY THE CITY COUNCIL OF THE CITY OF MIAMI BEACH, FLORIDA:

"That Section 5 of Ordinance No. 289, as amended, be and

"SECTION 1: the same is hereby amended by eliminating therefrom the following:

"'(9) Public or private schools.'

and substituting in lieu therefor, the following:

" '(9)  Public schools.' "

Motion to strike the answer was presented, but it appears that the learned. Circuit Judge, the late lamented Jefferson B. Browne, granted peremptory writ, the answer notwithstanding. . In doing so he prepared and caused to be filed an opinion as follows:

"An alternative writ of mandamus was issued directed to the City of Miami Beach, Florida, to show cause why it should not issue a license or permit to the petitioner, Ida R. Lear, joined by her husband, E. G. Lear, to operate a school for minors within a certain restricted area in the City of Miami Beach, designated as a Multiple-Family District. Answer was filed to the alternative writ, and a motion made to quash the same. The motion to quash was denied, and the matter is now before the Court on motion to strike the defendant's answer.

"The issues present this question: Is the provision of Section 5 of the Zoning Ordinance of the City of Miami Beach, to the effect that no building within what is called in the Ordinance a Multiple-Family District may be used for the operation of any public or private school a reasonable exercise of the City's authority? Affidavits were submitted on the question of whether or not private schools are detrimental to the inhabitants of, or property located within, such district.

"There are, no doubt, some people who regard all children, except their own, as nuisances, and to such the laughter of a child at play is a discordant note. The dedication of private property to the mental and moral training of children is a very high purpose. To those who regard their personal peace and comfort as the highest purpose of the law, a child's laughter, the bird's warbling, the brook's babbling and even the fluttering of fallen leaves, are nuisances which should be prohibited within certain zones.

"It may be possible to so conduct a private school for children that it becomes a nuisance. When such a condition exists, the City may abate it as it would any other nuisance. Occupations that have within themselves elements that cannot be regulated, may be prohibited; but I fail to see why a private school for children may not be so regulated, that instead of its being a nuisance, may be a benefit to those residing in its vicinity. I regard the provision of Section 5 of the Zoning Ordinance of the City of Miami Beach, whereby private schools are absolutely prohibited within the Multiple-Family Districts, without regard to whether the school is conducted in a quiet and orderly manner or not, an unreasonable exercise of municipal authority. Should any school within such district became a nuisance in fact, the City may abate it, but it must be a nuisance in fact and in law, and not made so merely by Ordinance, and it cannot abate a lawful business as a nuisance when it is not such in law or fact.

"The Court, having considered the pleadings, the affidavits submitted and argument of counsel, is satisfied that the provision of the Ordinance under consideration is an unreasonable one, and the peremptory writ will issue."

Peremptory writ was issued and the respondents took writ of error.

That mandamus may be invoked in cases like this is reflected by the opinion and judgment in the case of State, *ex rel.* Shad, v. Fowler, 90 Fla. 155, 105 So. 733.

In State, *ex rel.* Skillman, v. City of Miami, 101 Fla. 585, 134 So. 541, we held:

"The validity of ordinances dividing the City into districts and limiting the use of real estate within such districts to certain purposes has been sustained, it being held that in order for such ordinance to be declared unconstitutional it must affirmatively appear that the restriction is clearly ar-

bitrary and unreasonable and has not any substantial relation to the public safety, health, morals, comfort or general welfare.

"In determining whether the general welfare requires interference with property rights by a zoning ordinance, municipalities should, and presumably generally do, consider, among other things, the loss to property owners by a restriction of the use of their property. This, however, is only one of the considerations on which the final decision is to be based. Doubtless, if the value of the property rights destroyed is so great, as compared with the benefit done, that it clearly appears the ordinance is arbitrary and unreasonable the courts will interfere, but if there can be any reasonable argument on the question the legislative will must prevail."

When measured by these standards, we must hold the ordinance invalid because it appears to be arbitrary and unreasonable and has no relation to the public safety, health, morals, comfort or general welfare.

It will be noted that the ordinance as amended specifically permits the conducting of public schools within the prescribed zone and prohibits the conducting of private schools of all sorts therein. The prohibiting classification finds no foundation or basis in reason or experience that has been brought to our attention.

What objectionable characteristic touching the comfort or other general welfare of the surrounding community may obtain as to a private school which would not probably obtain in greater degree as to a public school has not been suggested, and, we think, for the very good reason that none exists. For this reason alone the ordinance as amended must be held to be arbitrary.

We find no reversible error and affirm the judgment.

So ordered.

ELLIS, C. J., and TERRELL, J., concur.

BROWN, J., not participating.

Mr. Justice DAVIS concurred in the foregoing opinion.