JAMES F. NOBLE, *et ux.,* v. GEORGE W. KISKER, JR., also known as GEO. W. KISKER, JR., *et ux.*

183 So. 836.
Division A.
Opinion Filed October 12, 1938.

234

*Francis M. Miller,* for Appellants;

*S. J. Barco* and *Roy S. Wood,* for Appellees.

BUFORD, J.—The appeal in this case is from an order and decree dismissing bill of complaint in a suit instituted to enjoin the use of a residence as a private school in violation of an alleged restrictive covenant in deeds.

The question to be determined is stated by the appellants as follows:

"Where specified real property, by a covenant in a warranty deed, is restricted for residential purposes only, is it a violation of that restrictive covenant to use the property for the operation and maintenance of a private school for which tuition is charged and collected from students, and to which inhabitants of the neighboring towns and cities are invited to send their children for the purpose of having them trained by the faculty hired by the operators of the private school?"

The appellee says:

"We accept the statement of question involved, as set out in appellant's brief only when the covenants which the bill

of complaint charges to be violated are read into the statement. We quote the covenants as set out on pages four and five of the Transcript as follows, to-wit:

"'It is distinctly understood and agreed that the above property is sold subject to the following restrictions, to-wit:

"'(b) The party of the second part will not commit upon the premises any nuisance, or be guilty of any conduct thereon which shall be obnoxious to the other lot owners, and shall not use or permit the property to be used for any illegal or immoral purpose.

"'(c) Said property shall be used only for residential purposes; and no hospital, store or mercantile building, public garage, filling station, stable, or other similar structure or business, shall be erected or maintained in said GOLDEN BEACH as now platted—it being distinctly understood that if other lands are afterwards platted and included in and made a part of GOLDEN BEACH, by amended plat or otherwise, the party of the first part reserves the right to permit commercial structures to be erected on certain portions of the new addition to be designated therein.

"'THE FOREGOING CONDITIONS, EXCEPTIONS, RESERVATIONS AND RESTRICTIONS, SHALL BE CONTAINED IN EACH DEED, LEASE OR CONTRACT EXECUTED FOR SAID LOT OR LOTS, IT BEING UNDERSTOOD THAT THEY ARE MADE FOR THE BENEFIT OF ALL OWNERS, PRESENT AND FUTURE, OF LOTS IN SAID SUBDIVISION, AND FOR THE PURPOSE OF INSURING UNIFORMITY OF IMPROVEMENTS AND THE BEAUTY AND VALUE OF PROPERTY THEREIN, AND ARE A PART OF THE CONSIDERATION OF THIS AGREEMENT.' (The emphasis is ours.)

"With the statement of the question involved so amended, we adopt that part of the appellant's brief and also his HISTORY OF THE CASE in so far as it sets out matters of record."

It is not necessary for us to again set forth the restrictive covenant that was alleged to have been violated.

In arriving at the construction and effect to be given to restrictive covenants, we held in the case of Moore v. Stevens, 90 Fla. 879, 106 Sou. 901:

"Covenants restraining the use of real property are strictly construed in favor of the free and unrestricted use of such property. Due regard must be had for the purpose contemplated, as well as the circumstances surrounding the transaction, but in construing such a covenant the controlling factor is the expressed intent of the parties. Intent unexpressed will be unavailing, and substantial ambiguity or doubt must be resolved, against the person claiming the right to enforce the covenants."

The intent and purpose for which the restrictive covenants were placed in the deeds here under consideration is stated in the respective deeds to be as follows:

"The foregoing conditions, exceptions, reservations and restrictions shall be contained in each deed, lease or contract executed for said lot or lots, it being understood that they are made for the benefit of all owners, present and future, of lots in said subdivision and *for the purpose of insuring uniformity of improvements and the beauty and value of property therein* and are a part of the consideration of this agreement."

That such was the sole purpose of the restrictive covenants is shown by the further language used in the deed: "Said property shall be used only for residential purposes; and *no hospital, store or mercantile building, public garage, filling station, stable or other similar structure or business shall be erected or maintained in said Golden Beach as now platted.*"

Applying the rule of *ejusdem generis*, we find that the conduct of a private school did not come within the purview

of the restrictions in cases where such private school is conducted in a residence in the construction of which uniformity of improvements and the beauty and value of property therein is not violated. That rule is stated in Baldwin Century Edition of Bouvier's Law Dictionary, as follows:

"In the construction of laws, wills and other instruments, when certain things are enumerated, and then a phrase is used which might be construed to include other things, it is generally confined to things *ejusdem generis;* as, where an act (9 Anne, C. 20) provided that a writ of *quo warranto* might issue against persons who should usurp the 'office of mayors, bailiffs, portreeves, and *other offices,* within the cities, towns, corporate boroughs, and *places,* within Great Britain' etc., it was held that 'other offices' meant offices *ejusdem generis* and that the word 'places' signified places of the same kind; that is, that the offices must be *corporate offices* and the places must be *corporate* places. 5 Term 375; Ba. Abr. In formation (D); 8 Dowl. & R. 393.

"So in the construction of wills, when certain articles are enumerated, the term *goods* is to be restricted to those *ejusdem generis.* Bacon, Abr. *Legacies,* B; 3 Rand. 191; T Atk. 113; 3 id. 61."

In the case of City of Miami Beach v. State, 128 Fla. 750, 175 Sou. 537, we quoted, with approval, statements made by the trial judge, the late Honorable Jefferson B. Browne, in which he said, in part:

"There are, no doubt, some people who regard all children, except their own, as nuisances, and to such the laughter of a child at play is a discordant note. The dedication of private property to the mental and moral training of children is a very high purpose. To those who regard their personal place and comfort as the highest purpose of the law, a child's laughter, the bird's warbling, the brook's bab-

bling and even the fluttering of fallen leaves, are nuisances which should be prohibited within certain zones. · · · ·

"It may be possible to so conduct a private school for children that it becomes a nuisance. When such a condition exists; the City may abate it as it would any other nuisance. Occupations that have within themselves elements that cannot be regulated, may be prohibited; but I fail to see why a private school for children may not be so regulated, that instead of a nuisance, may be a benefit to those residing in its vicinity."

The record in this case shows that the complainants reside about one-half mile from the home of the defendants and that they do not rely upon any allegations of nuisance. They rely solely upon their right to abate the use of the property involved upon the enforcement of the restrictive covenants, and aver:

"These plaintiffs allege that if the real property located in said subdivision of Golden Beach is allowed to be used for business purposes and not for residential purposes in accordance with said covenants and restrictions, that the value of such real property will be greatly reduced and the loss occasioned thereby to these plaintiffs and other lot owners in such subdivision cannot be adequately compensated in damages by an action at law."

Upon considering the whole record, we find no reversible error in the order and decree appealed from and, therefore, same should be, and is, affirmed.

So ordered.

Affirmed.

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.