60 So.2d 182 (1952)
BUCKLEW et al.
v.
TRUSTEES BAYSHORE BAPTIST CHURCH.
Supreme Court of Florida, en Banc.
August 5, 1952.
Rehearing Denied August 27, 1952.
Macfarlane, Ferguson, Allison & Kelly and Hugh C. Macfarlane, Tampa, for intervener-appellant F.K. Conn.
Sam Bucklew, Tampa, for Sam Bucklew, J.K. Richards and Parkland Estates, a Florida corporation, and the intervener-appellant Parkland Estates Civic Club, appellants.
Joseph E. Williams and Brown, Brown & Corcoran, John P. Corcoran, Jr., Tampa, for appellee.
MATHEWS, Justice.
The question is whether or not the erection of a church to cost approximately one-half million dollars upon 12 lots acquired by the trustees of the church is a violation of the covenants restricting the use of such lands for a period of 30 years. The lower Court held that the erection of such a church would not violate the covenants.
The covenants applicable in this case are:
"One. No porch, steps or other part of any building shall be erected on any lot nearer to the street on which said lot fronts than the porch and building lines shown on said plat, and only one residence building shall be erected on any one lot on said subdivision except one or more lots may be used for one residence together with suitable and necessary garage, servant's quarters and out-houses.
"Two: Said lot shall be used for family residence purposes only, and no business house, hotel, boarding house or apartment house shall be maintained thereon at any time within thirty years after January 1, 1925." (Italics supplied.)
*183 The Court below relied upon the case of Moore v. Stevens, 90 Fla. 879, 106 So. 901, 904, 43 A.L.R. 1127, and quoted the following portion of the opinion in the final decree:
"Intent unexpressed will be unavailing, and substantial ambiguity or doubt must be resolved against the person claiming the right to inforce the covenant."
This opinion also contained the following:
"The covenants here under consideration relate to the use to be made of the property, rather than to the character of the building to be erected upon it."
It should be noted that one of the restrictive covenants in the case at bar relate to what kind of a building may be erected on a lot, and the other covenant relates to the use to which the building may be put after it is erected, or what kind of a business or establishment may be maintained on the building after it is erected. There is quite a difference between what type of building may be erected on a lot and what the building may be used for after it is erected.
The appellee relies upon the case of Noble v. Kisker, 134 Fla. 233, 183 So. 836, wherein this Court held that the phrase "`"used only for residential purposes"'" was modified by the clause specifically excluded a "`"hospital, store or mercantile building, public garage, filling station, stable, or other similar structure or business,"'" and that the restrictive covenant did not preclude the conducting of a private school in a residence in the area.
In that case the building was already on the property and was built as a residence, and later it was used for a private school. That case relates solely to the use to which the property was put after the building was erected as a residence and has no reference to a covenant restricting the kind of building which may be erected on the property as we have in the case at bar. It may be that there are many buildings in the subdivision in question which were "erected" as a "residence building", and which could be used as a "business house, hotel, boarding house, or apartment house" except for the restrictive covenant which prevents any such being "maintained thereon at any time within thirty years after January 1, 1925".
The purpose of these two restrictive covenants construed together was to prevent the erection of any building except a "residence building", and then after such residence building was erected to prevent any business house, hotel, boarding house or apartment house being maintained thereon. Without this restrictive covenant a residence building already on the property could be maintained as a boarding house, or apartment house, a small hotel, or a business house. Many businesses could be conducted from a residence building except for this restrictive covenant. No doubt many of the residences in this subdivision could be maintained as a small church or a place of worship without violating the restrictive covenants. The erection of a church to cost approximately one-half million dollars on this property would certainly violate the restrictive covenant No. One, hereinabove quoted. In the case of Noble v. Kisker, supra, with reference to the rule of ejusdem generis, the Court said:
"Applying the rule of ejusdem generis, we find that the conduct of a private school did not come within the purview of the restrictions in cases where such private school is conducted in a residence in the construction of which uniformity of improvements and the beauty and value of property therein is not violated." (Italics supplied.)
The above rule is correct but has no application in this case.
The record shows that the restrictive covenants will expire in approximately two years and that very shortly this question will become a moot question. All of that may be true, but this Court cannot change the terms of the restrictive covenants. The covenants must expire by their own terms and limitations.
We fully recognize the high calling of the Church. In this enlightened age, churches are not only desirable but are necessary for the happiness and contentment *184 of the people. We know of no community in this state where churches do not exist. We doubt that any families would locate in a community without churches. The high calling of religious organizations and churches does not give them any more right to set covenants at nought than any other organization. In such matters, if there can be any degree of obligation, a more sensitive adherence to the demands of plighted faith might be expected of those professing a high duty to obligations and an example to others.
The law applies with equal force to the good and the bad, and we are not authorized to change it even though we agree with the high purpose and desirability of the accomplishments of any particular organization.
The decree of the lower court is reversed with directions that the complaint be dismissed.
SEBRING, C.J., and TERRELL, HOBSON and ROBERTS, JJ., concur.
HOCKER, Associate Justice, dissents.
THOMAS, J., not participating.
HOCKER, Associate Justice (dissenting).
The question here is whether or not the erection of a church upon the premises involved is a violation of the covenants restricting the use thereof for a period of 30 years. The lower court held that it did not.
"Covenants restraining the free use of real property, although not favored, will nevertheless be enforced by courts of equity * * *." Moore v. Stevens, 90 Fla. 879, 106 So. 901, 903, 43 A.L.R. 1127.
The covenants applying to this property, among other provisions, contain the following: "Said lot shall be used for family residence purposes only, and no business house, hotel, boarding house or apartment house shall be maintained thereon at at any time within thirty years after January 1, 1925."
In Noble et ux. v. Kisker et ux., 134 Fla. 233, 183 So. 836, this court held that the phrase "`"used only for residential purposes"'" was modified by the clause specifically excluding a "`"hospital, store or mercantile building, public garage, filling station, stable, or other similar structure or business,"'" and that the restrictive covenant did not preclude the conducting of a private school in a residence in the area.
I am of the opinion that the quoted language of the covenant here involved does not prohibit the erection of a church upon the premises in question.
I think the decree of the lower court should be affirmed.