77 So.2d 428 (1954)
The CITY OF MIAMI BEACH, a Municipal Corporation Existing under the Laws of the State of Florida, Appellant,
v.
8701 COLLINS AVE., Inc., a Florida Corporation, Appellee.
Supreme Court of Florida. Special Division A.
December 17, 1954.
Rehearing Denied January 18, 1955.
*429 Ben Shepard and Joseph A. Wanick, Miami, for appellant.
Paul & Sams, Miami, and Ben Cohen, Miami Beach, for appellee.
MURPHREE, Associate Justice.
When the City of Miami Beach, appellant, re-zoned the site in December of 1950, appellee proceeded to formulate plans to build thereon the Hotel Biltmore Terrace, to contain 227 rooms and cost in excess of $1,000,000. It was decided to include within the structure a $250,000 basement to provide space for a jewelry shop, beauty parlor, clothing shop, beach wear shop, coffee shop, drug sundry shop, barber shop, and other similar shops usual in a hotel of that type, for convenience of the guests and to augment the income from the plant to the extent of $50,000 per annum. All contemplated businesses were conforming uses under the zoning ordinance then in effect.
Around June 1, 1950 architects and a contractor were employed to prepare and execute the plan for the hotel. On August 21, 1951, upon completion of the design for the foundation and pilings, appellee applied for and received from the City a building permit for that portion of the building, and construction was promptly commenced.
On October 8, 1951 an amendment to the use regulations under the zoning ordinance went into effect, which disallowed a number of the shops that appellee had planned to include, such as a beach wear shop, clothing shop, jewelry shop, coffee shop, and others of like nature. Permissive uses before the amendment were quite broad, but by the amendment they were restricted to "barber shops, beauty shops, tobacco, magazine, newspaper and drug sundry shops, and valet and massage service facilities." (The ordinance referred to is known as "Ordinance No. 289, zoning ordinance of Miami Beach, Florida, amended as of March 16, 1949". Section 5, paragraph 4 thereof pertains to use regulations with respect to hotels of 100 rooms or more).
Appellee then sought an injunction in the Circuit Court to prevent the City from enforcing the terms of the amendment. Appellee advanced two grounds as a basis for the injunction, namely: the amendment was unconstitutional and void because it was arbitrary, discriminatory, and bore no substantial relation to the health, morals, welfare, or safety of the public; and second, the City was equitably estopped under the circumstances to enforce the provisions of the amended ordinance as against the appellee.
The Chancellor granted the injunction on the ground of estoppel, so did not find it necessary to rule on the constitutional point. In his decree, he said: that appellee * * * "has made tremendous expenditures of money and has obligated itself for further tremendous sums of money all in reliance upon the zoning ordinances of the City of Miami Beach as they existed at the time of beginning of construction of the Biltmore Terrace Hotel * * * that such great expenditures and obligations would not have been incurred except in reliance upon said zoning ordinances as they then existed * * * and it would be inequitable to deny the relief prayed for * * *."
This Court has recognized that a City may be equitably estopped to enforce a change in zoning regulations against one who has substantially altered his position in reliance upon the original regulation, and a building permit issued thereunder. See Texas Co. v. Town of Miami Springs, Fla. 1950, 44 So.2d 808; Frink v. Orleans Corporation, 1947, 159 Fla. 646, 32 So.2d 425; *430 Ex parte Wise, 1940, 141 Fla. 222, 192 So. 872.
Plans for the superstructure of the Biltmore Terrace showing all intended uses of the basement area, being incomplete, were not exhibited to the City at the time the foundation permit was issued, nor did appellee at that time otherwise advise the City of the nature of the shops it intended to install. The City, therefore, cannot be deemed to have sanctioned appellee's plans for the basement area by the mere issuance of the foundation permit for the hotel.
This Court has never gone so far as to hold that a City will be estopped to enforce an amendment to a zoning ordinance merely because a party detrimentally alters his position upon the chance and in the faith that no change in the zoning regulations will occur. It is our view that such a doctrine would be an unwise restraint upon the police power of the government. All that one who plans to use his property in accordance with existing zoning regulations is entitled to assume is that such regulations will not be altered to his detriment, unless the change bears a substantial relation to the health, morals, welfare or safety of the public. See author's comments and cases cited in 138 A.L.R. 500(II).
This brings us to say that we are unable to sanction the Chancellor's ruling on the theory of estoppel, under the circumstances of this case, but we do approve his conclusion on the basis of the unconstitutionality of the amended use regulations in question.
A decision if correct can, of course, be supported on grounds other than those assigned by the trial court. Cottages, Miami Beach, Inc., v. Wegman, Fla. 1951, 57 So.2d 439.
It is well settled that a zoning ordinance to be valid must bear a substantial relation to the public health, safety, morals or general welfare. State ex rel. Helseth v. DuBose, 1930, 99 Fla. 812, 128 So. 4; State ex rel. Taylor v. City of Jacksonville, 1931, 101 Fla. 1241, 133 So. 114, 116; City of Miami Beach v. Texas Co., 1940, 141 Fla. 616, 194 So. 368, 128 A.L.R. 350; City of Miami Beach v. State ex rel. Lear, 1937, 128 Fla. 750, 175 So. 537.
In the case of City of Miami Beach v. State ex rel. Lear, 1937, 128 Fla. 750, 175 So. 537, 539, the City of Miami Beach in its original comprehensive zoning plan had established a use district in which both public and private schools were permitted. The plan was subsequently amended to restrict the use solely to public schools. This court in declaring the amended regulation arbitrary stated:
"It will be noted that the ordinance as amended specifically permits the conducting of public schools within the prescribed zone and prohibits the conducting of private schools of all sorts therein. The prohibiting classification finds no foundation or basis in reason or experience that has been brought to our attention.
"What objectionable characteristic touching the comfort or other general welfare of the surrounding community may obtain as to a private school which would not probably obtain in greater degree as to a public school has not been suggested, and, we think, for the very good reason that none exists. For this reason alone the ordinance as amended must be held to be arbitrary."
So in the present case, under the City's earlier zoning plan Appellant recognized that beach wear, clothing, jewelry, and other similar shops within hotels of 100 rooms or more had no objectionable characteristics touching the health, morals, safety or welfare of the public. Since the amendment of October 5, 1951, however, said uses are no longer tolerated, although barber shops, beauty shops, tobacco, magazine, newspaper and drug sundry shops, and valet and massage services are still sanctioned. As suggested in appellee's brief, it is impossible to comprehend how a millinery shop, for example, could be considered more obnoxious or detrimental to the public welfare than a barber shop. If there *431 be no justifiable distinctions, and none are indicated, then certainly the restrictions of the amendment, insofar as appellee is concerned, are discriminatory, unconstitutional and void.
The judgment of the lower court is affirmed.
ROBERTS, C.J., and MATHEWS and DREW, JJ., concur.