[Crim. No. 3766. Fourth Dist., Div. One. May 18, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
JOHN ARTHUR STAGE, Defendant and Appellant.

**COUNSEL**

Hubert C. Cavanagh, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Mark Leicester, Deputy Attorney General, for Plaintiff and Respondent.

**OPINION**

**BROWN (Gerald), P. J.**—John Arthur Stage appeals from a probation order, deemed a final judgment, based on his conviction of visiting a place where marijuana was used (Health & Saf. Code, § 11556), following his plea of guilty to that charge. The trial court had denied Stage's motion to

suppress marijuana and dangerous drug evidence found in his jacket. Stage's appeal thus questions only the legality of the search which revealed the contraband (Pen. Code, § 1538.5).

Together with three companions, Stage traveled to the International Border line with Mexico at San Ysidro in a car driven by one of them, Smiley. Another companion named Mullen owned the car. One of the group was 17 years old. Stage appeared young but was over 18. He was wearing a green plaid jacket.

The San Diego Police maintain a vehicle inspection station located in San Ysidro about 75 feet north of Mexico. San Diego Police Officer Mueller, manning the inspection station, stopped Stage and his companions because they appeared young to him. Mueller asked for identification, was dissatisfied with the identification given him by the 17-year-old, and ordered the youths out of the car and into the police check point office.

Mueller asked Mullen, the car's registered owner, for permission to search the car. Mullen gave Mueller his permission. Mueller started searching the car. He came upon Stage's jacket on one of the car's seats. Mueller had seen Stage wearing the jacket when the car approached his station. He said he knew full well it belonged to Stage when he searched the car yet he did not ask Stage for permission to search the jacket. Mueller took Mullen's consent to search the car as carte blanche to search anything in the car even though he knew the contents belonged to someone else and were not under Mullen's control. Mueller found the contraband in Stage's jacket.

■ Seeing four young men arrive at the Mexican Border in a car did not give probable cause to arrest or search them. That one of the youths produced unsatisfactory identification added nothing upon which to base an arrest or search. ■ Mullen's consent to search the car was not consent to search Stage's jacket. This is particularly so where the officer knew the jacket belonged to Stage rather than Mullen.

The Attorney General's argument the officer could have believed the jacket was borrowed by Stage from Mullen is specious in view of Officer Mueller's unequivocal testimony he knew full well in his own mind the jacket belonged to Stage and was not something over which Mullen or Smiley had any control. Likewise specious are the Attorney General's arguments: Stage was not present at the time of the search and he expressed no objection (the argument answers itself, the police detained him elsewhere and he was not present to express an objection); the item searched was not in a locked container (the contraband was in the pocket of the jacket, and no contention is made, nor is there evidence, the contraband was in plain

sight); no person made it *expressly* clear to Mueller Stage owned the jacket (Mueller said he had no doubts of it whether he was told or not); and, Stage's acquiescence in the consent given by Mullen in his presence implied a consent to search whatever belongings in the car were his (the Attorney General cites no authority for the proposition one's failure to audibly respond, when he has *not* been asked permission, is a tacit consent).

Officer Mueller had no reasonable basis for believing he had permission or cause to search Stage's jacket. That search was illegal and the marijuana cigarette and two seconal capsules he seized should have been suppressed by the court below (Cf., *People* v. *Fry,* 271 Cal.App.2d 350, 356-357 [76 Cal.Rptr. 718]). Our conclusion makes it unnecessary to consider Stage's contention the search occurred during an unlawful detention.

The judgment is reversed with instructions to the trial court to set aside defendant's plea of guilty and to enter its order suppressing the physical evidence received below.

Whelan, J., and Ault, J., concurred.