267 So.2d 100 (1972)
JEFFERSON NATIONAL BANK OF MIAMI BEACH, a United States of America Banking Corporation, Appellant,
v.
CITY OF MIAMI BEACH, a Municipal Corporation, Appellee.
No. 72-164.
District Court of Appeal of Florida, Third District.
September 19, 1972.
Rehearing Denied October 24, 1972.
Katz & Salmon, Miami Beach, for appellant.
Joseph A. Wanick, City Atty., for appellee.
Before BARKDULL, C.J., and PEARSON and HENDRY, JJ.
BARKDULL, Chief Judge.
The appellant, as plaintiff in the trial court, filed an action seeking to have the comprehensive zoning of the City of Miami Beach declared unconstitutional in its entirety and as applied to a lot it owns in a residential use district of the City. The trial court denied the relief sought and this appeal ensued.
The record reveals the following: The plaintiff owns a lot on the northwest corner of Pine Tree Drive and Forty-Second Street in the City of Miami Beach. The lot is located immediately north of plaintiff's Bank, separated only by Forty-Second Street. The plaintiff desires to use the property as a parking lot in conjunction with the Bank. The zoning classification *101 applicable to the lot under the defendant's ordinance is RC. This permits:
"In the * * * `RC' Estate Districts no building or land shall be used * * * other than a single family residence, * * * excepting for one or more of the following uses:
"Parks, playgrounds, automobile parking areas, or municipal buildings, owned and operated by the City of Miami Beach, provided that no automobile parking area so owned and operated by said City shall be located at a distance greater than 250 feet from a public park owned and operated by said City, or at a distance greater than 350 feet from a Business District."
The property immediately to the north of the lot in question is zoned single-family residence. The plaintiff's Bank is across Forty-Second Street to the south. Across Pine Tree Drive to the east is the "Manilow Property". See: Manilow v. City of Miami Beach, Fla.App. 1968, 213 So.2d 589; City of Miami Beach v. Manilow, Fla. 1969, 226 So.2d 805. The plaintiff applied for a permit to use its lot for parking purposes, but was refused. It then filed its action in the trial court and suffered an adverse final judgment.
The plaintiff, as appellant, has preserved two points for review: (1) That the trial court erred in entering the final judgment under review, because the entire zoning ordinance is unconstitutional since it no longer represents a comprehensive zoning ordinance. We reject this contention. Although the zoning ordinance may have been altered or amended many times over the years since it was initially adopted, the record fails to disclose that it does not comprehensively zone the entire municipality with use districts which are generally compatible with today's times. See: City of Miami Beach v. Ocean & Inland Company, 147 Fla. 480, 3 So.2d 364; City of Miami Beach v. Wiesen, Fla. 1956, 86 So.2d 442; Oka v. Cole, Fla. 1962, 145 So.2d 233; Smith v. City of Miami Beach, Fla.App. 1968, 213 So.2d 281; County of Brevard v. Woodham, Fla.App. 1969, 223 So.2d 344.
Secondly, and more importantly, the plaintiff urges that the trial court in effect, by its judgment, denied it the equal protection of the law and discriminated against this property owner when it is apparent from the zoning ordinance of the City that if the City of Miami Beach desired to operate a public parking lot on this parcel it would be permitted to do so, said lot admittedly being within 350 feet of a business district, the plaintiff-appellant relying heavily on City of Miami Beach v. State ex rel. Lear, 128 Fla. 750, 175 So. 537. The cited case held that it would be discriminatory to deprive a property owner in a multifamily use district of a right to operate a private school on its property, when the applicable zoning ordinance permitted the operation of a public school. The appellant contends that if there is no difference between a private and a public school there should be no difference between a private and a public parking lot. We believe there is a distinction between the operation of a school and the operation of a parking lot. If not, this opinion will be in conflict with City of Miami Beach v. State ex rel. Lear, supra.
As to the schools referred to in City of Miami Beach v. State ex rel. Lear, supra, whether they be private or public they would be operated by an entity other than a municipality; whereas the parking lot in the instant case would be operated by the zoning authority itself, the City of Miami Beach. A zoning authority has the right, upon the adoption of a comprehensive zoning ordinance, to exempt itself from the regulations applicable to private interests. See: Township of Scotch Plains v. Town of Westfield, 83 N.J. Super. 323, 199 A.2d 673; City of Cincinnati v. Wegehoft, 119 Ohio St. 136, 162 N.E. 389; Vol. 2, American Law of Zoning, Anderson, § 9.04, cf. City of Treasure Island v. Decker, *102 Fla.App. 1965, 174 So.2d 756. No contention having been made that the comprehensive zoning ordinance was not validly adopted after public hearing [and we haven't found any reason to hold that it is not a comprehensive zoning ordinance], we do not find it is unconstitutional because it permits the zoning power itself a reservation of use within a particular zoning district different from that enjoyed by private citizens. There are many instances where municipalities are accorded uses in a zoned use district which are not enjoyed by all its citizens, e.g., operation of a fire, police, electric, water, sewerage, and similar facilities therein. Nichols Engineering & Research Corp. v. State ex rel. Knight, Fla., 59 So.2d 874; AIA Mobile Home Park, Inc. v. Brevard County, Fla.App. 1971, 246 So.2d 126; Vol. 2, American Law of Zoning, Anderson, § 9.03. The erection of a parking garage has been held to be a governmental function [Stott] v. City of Manchester, 109 N.H. 59, 242 A.2d 58; Township of Scotch Plains v. Town of Westfield, supra; See also: State v. City of Miami Beach, Fla. 1950, 47 So.2d 865; Riviere v. Orlando Parking Commission etc., Fla. 1954, 74 So.2d 694], and governmental functions are usually considered exceptions to general use limitations permitted in a zoned use district. AIA Mobile Home Park, Inc. v. Brevard County, supra; Township of Scotch Plains v. Town of Westfield, supra; Nehrbas v. Incorporated Village of Lloyd Harbor, 2 N.Y.2d 190, 159 N.Y.S.2d 145, 140 N.E.2d 241; Vol. 2, American Law of Zoning, Anderson, § 9.03. Further, when parking garages are built by a municipality they are constructed for the benefit of the public at large; when they are built by private interests, the patronage of a parking facility is generally limited by the ownership of the property involved.
Therefore, we find no denial of equal protection of the law and affirm the action of the trial judge in denying the relief sought.
Affirmed.