343 So.2d 1336 (1977)
STATE of Florida, Appellant,
v.
George David DRAKE, Appellee.
No. CC-207.
District Court of Appeal of Florida, First District.
March 30, 1977.
*1337 Robert L. Shevin, Atty. Gen., and Richard L. Wilson, Asst. Atty. Gen., for appellant.
Virlyn B. Willis, Jr., Lake City, and Jerry M. Blair of Airth, Sellers, Lewis, Cherry & Blair, Live Oak, for appellee.
BOYER, Chief Judge.
The State appeals from an order of the trial court granting Drake's motion to suppress evidence. The sole issue is whether the court erred in granting the motion.
Drake was a passenger in a truck rented by Spencer from Ryder and driven by Grayville. The truck stopped at an agricultural inspection station where Creech, wearing a uniform and badge identifying him as an agricultural inspector, approached Grayville and asked if he could look in the truck. Grayville responded "Okay", got out of the truck and opened the back of it. Creech entered the back of the truck and began his inspection for agricultural products. He observed a backpack on top of some sacks and boxes and picked it up to move it. The pack felt to him to be stuffed with "hay or something or another". Creech acknowledged that he was not required to search for hay, but he claimed that he could not tell by feeling whether the pack actually contained hay, seed, or some other horticultural product. Creech did not ask who the owner was, nor did he seek consent to open *1338 the pack. He unzipped the pack and saw what he thought was marijuana. Creech closed the truck door and called the sheriff's office. A deputy arrived and upon being shown by Creech what he had found in the pack, the deputy instructed Drake and Grayville to remove everything from the back of the truck that personally belonged to them. Drake removed the pack. Creech and the deputy examined the pack and found marijuana. Neither Creech nor the deputy asked Drake for permission to examine the pack. Drake was placed under arrest and later charged by information with possession of more than five grams of marijuana.
The court based its order granting the motion to suppress solely on our decision in Powell v. State, 332 So.2d 105 (Fla. 1st DCA 1976). The State contends this was error requiring reversal because of the facts in Powell make it inapplicable to this case. We agree. In the Powell case, three agriculture inspection station road guards attempted to "persuade" the defendant to consent to a search of his U-haul trailer. The first guard asked defendant to unlock the trailer for inspection, the second told defendant that his trailer would have to be inspected before he could leave, and the third gave defendant three options: (1) Wait for someone to come with the key to the lock on the trailer, (2) Break open the lock, or (3) Wait for the guards to obtain a search warrant. Under those factual circumstances, this Court held that defendant's alleged consent was the product of coercion, and was, in fact, merely submission to the apparent authority of the three road guards. Sub judice, the vital elements of coercion is lacking. Agricultural Inspector Creech did not threaten defendant or Grayville, and did not express an intention to secure a search warrant in the event that consent was not given.
Drake argues that, notwithstanding the inapplicability of the Powell case, the decision reached by the trial court is supportable on grounds other than those assigned. City of Miami Beach v. 8701 Collins Avenue, 77 So.2d 428 (Fla. 1954). Sub judice, Drake argues that even if it is determined that Grayville gave a valid consent to search the truck, the search of Drake's pack by Creech was unreasonable because the search exceeded the scope of the consent given. Under that theory, Grayville's consent is limited to a search for agricultural products pursuant to Section 570.15, Florida Statutes (1975) and did not extend to a search of Drake's personal luggage.
Readily conceding that the scope of the consent was limited to the search for agricultural products, we nevertheless hold that the initial search of the pack while in the truck as conducted by Creech was valid under the circumstances. The record fails to support the allegation that the search was for anything other than to discover agricultural products. Creech's unrefuted testimony was that as he touched Drake's pack, he felt therein hay, seed, or some horticulture substance. Under Section 570.15(1)(c), Creech was empowered to "examine and open any package or container of any kind containing or believed to contain any article or product which may be transported, manufactured, sold, or exposed for sale in violation of the provisions of this chapter... ."
As to the authority of Grayville to consent to a search of a pack belonging to Drake, it must be remembered that when Creech initially examined the pack, he had no reason to believe that Drake was the owner. That fact distinguishes the instant case from People v. Stage, 7 Cal. App.3d 681, 86 Cal. Rptr. 701 (Cal. 4th CA 1970). In the absence of knowledge on the part of Creech that the pack belonged to someone other than Grayville, the search by Creech, premised upon Grayville's consent, was valid.
Entirely different questions arise as to the subsequent search conducted outside the truck by the deputy and Creech, and to the seizure of the marijuana found within the pack. Because of its reliance on Powell v. State, supra, the trial court did not address those questions, and the status of the record is such that resolution of those issues at this stage of the proceedings would be *1339 inappropriate. (But see State v. Toffolio, Case No. EE-200 (Fla. 1st DCA 1977), not yet reported and cases cited therein.)
Accordingly, the trial court's order granting Drake's motion to suppress evidence is reversed, and the cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
McCORD, J., concurs.
MILLS, J., dissents.
MILLS, Judge, dissenting:
The trial court based its order granting the motion to suppress solely on our decision in Powell v. State, 332 So.2d 105 (Fla. 1st DCA 1976). The State contends this was error requiring reversal because the facts in Powell make it inapplicable to this case. Not so. A decision which reaches the correct result can be supported on grounds other than those assigned by the trial court. City of Miami Beach v. 8701 Collins Avenue, 77 So.2d 428 (Fla. 1954).
A search conducted without a warrant is per se unreasonable except under certain established and well delineated exceptions. Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). When a defendant has shown a warrantless search, the burden shifts to the State to prove a valid search. Bicking v. State, 293 So.2d 385 (Fla. 1st DCA 1974).
The State contends the search of Drake's pack was pursuant to a valid voluntary consent. Although Grayville could have validly consented to a search of the truck, the court apparently concluded that he did not knowingly consent but merely submitted to apparent authority. As stated in Powell:
"A distinction is recognized ... between submission to the apparent authority of an officer and unqualified consent. Mere acquiescence in a search is not necessarily a waiver of a valid search warrant. Rather, for an occupant to waive his rights, it must clearly appear that he voluntarily permitted or expressly invited and agreed to the search, being cognizant of his rights in the premises ..."
In this case, Creech was wearing a uniform and a badge. Another uniformed inspector was with him. Creech asked Grayville if he minded if he looked in the truck and Grayville responded okay. But Creech did not advise Grayville or Drake that if they refused, he would be required to obtain a search warrant.
Even if we assume that Grayville gave a valid consent to search the truck, that consent did not extend to a search of Drake's pack. A consent search is reasonable only when kept within the bounds of the consent. A persons' consent may limit the scope of a warrantless search in the same way that the specifications of a warrant may limit a search pursuant to a warrant. United States v. Dichiarinte, 445 F.2d 126 (7th Cir.1971). "The scope of the search must be `strictly tied to and justified by' the circumstances which rendered its initiation permissible." Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 917 (1968).
Although Grayville did not expressly state that his consent was limited to a search for agricultural products based on statutory authority, that is the only reasonable inference. (Hay is not one of the authorized agricultural products.) See Powell v. State, supra.
The consent of the driver of a motor vehicle to search the vehicle is not consent to search personal property within the car which belongs to a passenger, particularly when the officer conducting the search knows that the property belongs to the passenger and is not under the control of the driver. People v. Stage, 7 Cal. App.3d 681, 86 Cal. Rptr. 701 (C.A. 4th Cal. 1970); also Bailey v. State, 319 So.2d 22 (Fla. 1975).
Drake's pack was closed. Creech and the deputy knew that Drake was the owner of the pack and that Grayville exercised no control over it. The search was invalid.
The State failed to carry its burden by showing a voluntary waiver of Drake's right to a warrant. I would affirm the trial *1340 court's order granting Drake's motion to suppress.