PER CURIAM.
By this appeal the City of Ft. Lauderdale contends that the Department of Veteran and Community Affairs, Division of Local Resource Management (Division) erred in its binding letter of interpretation by determining that the City’s proposed 1,000 foot western extension of an existing 6,000 foot east-west runway at the Ft. Lauderdale Executive Airport does not possess vested rights status. See § 380.06(18), Fla.Stat. We disagree and affirm.
Specifically, the City argues that various actions on its part constitute “authorization to commence development” under the terms of section 380.06(18). Second, it argues that the Division may not look to FAA approval of the airport extension as constituting the only requisite authorization to commence development. Addressing the latter argument first, we agree that FAA approval is not the only way by which a runway extension may obtain vested rights status. Viewed in the factual context of this case, however, FAA approval would have been an appropriate authorization, and there may have been others about which we will not speculate.
As to the former argument, we find nothing in the City’s various actions prior to July 1, 1973, (the effective date by which vested rights status must have accrued) that amounts to an “authorization to commence development.” The resolutions of 1967 and 1969 do not constitute approval to do anything and are merely advisory in effect with no legally binding status. Second, the mere act of rezoning does not constitute such an authorization, as it has long been held that property owners do not have a vested right in zoning ordinances. City of Miami Beach v. 8701 Collins Ave., 77 So.2d 428 (Fla.1954); Town of Largo v. Imperial Homes Corp., 309 So.2d 571 (Fla. 2d DCA 1975). Third, the City’s purchase of the land itself does not vest any rights in the runway extension, for the record affirmatively establishes that the City’s purpose in purchasing this property was to provide additional “clear zone” for the then existing runway. The mere fact that the City may have envisioned a different use for the land at some future date, without more, cannot endow that later development with vested rights status. There being no concrete evidence of any authorization to commence development by July 1, 1973, we find that the City has not demonstrated its entitlement to vested rights status for the runway extension.
We have considered the City’s contentions that the Division’s order constitutes an invalid rule under Chapter 120, Florida Statutes, and denies to the City equal protection under the law and find them to be without merit.
AFFIRMED.
ROBERT P. SMITH, Jr., C.J., and McCORD and MILLS, JJ., concur.