431 So.2d 283 (1983)
CITY OF KISSIMMEE, Appellant,
v.
Jack H. ELLIS, Appellee.
No. 82-802.
District Court of Appeal of Florida, Fifth District.
May 12, 1983.
*284 Edward Brinson of Brinson, Smith, Heller & Smith, P.A., Kissimmee, for appellant.
R. Wm. Lyng, III, Kissimmee, for appellee.
COWART, Judge.
This is an appeal from a judicial order directing the appellant, City of Kissimmee, to issue to appellee, Jack H. Ellis, building permits and business licenses as will permit appellee to build an addition to his single family residence and to therein operate a non-profit museum open to the public.
The uncontested facts are that appellee owns and resides on real property in the City of Kissimmee which is zoned Residence A-2 and that appellant city denied appellee a building permit to construct an addition to his single family residence for the purpose of housing a privately owned non-profit museum to display artifacts for educational purposes to the public. The applicable zoning ordinance permits public libraries, public museums, public schools, colleges and similar educational institutions not operated for profit. Appellant city denied the building permit on the ground that the proposed use would not constitute a public museum because it was not owned by the City of Kissimmee. The appellant city also denied appellee a zoning change or variance to permit the proposed use. Appellee filed an action for a declaratory judgment requesting a judicial determination that the proposed use would constitute (1) a public museum within the meaning of the zoning ordinance or (2) an educational institution similar to a public school not operated for profit. From an order directing the city to issue a building permit the city appeals. We affirm.
Appellant city claims it has the authority to operate a public museum in the city while prohibiting that right to others, citing Jefferson National Bank v. Miami Beach, 267 So.2d 100 (Fla. 3d DCA 1972) cert. den. 273 So.2d 763 (Fla. 1973). The zoning ordinance in Jefferson National Bank prohibited use of land in a zoning district other than for a single family residence except for "parks, playgrounds, automobile parking areas or municipal buildings, owned and operated by the City of Miami Beach." The Jefferson National Bank wanted to build a parking lot and attacked the ordinance on the ground that it denied equal protection of the law. The ordinance was upheld on the principle that "a zoning authority has the right, upon the adoption of a comprehensive zoning ordinance, to exempt itself from the regulations applicable to private interests." See also Orange County v. City of Apopka, 299 So.2d 652 (Fla. 4th DCA 1974). That principle is not applicable here because the City of Kissimmee did not prohibit museums in the zoning district and then exempt itself from the zoning restriction.
This case is within the principle enunciated in City of Miami Beach v. State ex rel. Lear, 128 Fla. 750, 175 So. 537 (1937). In Lear, the ordinance allowed public schools but not private schools in a residential zone. The trial court reasoned that because a private school is no more detrimental to the *285 residents of a residential zone than is a public school, permitting one but not the other was unreasonable. The city was ordered to permit Lear to operate a private school. The Supreme Court of Florida affirmed, saying "we must hold the ordinance invalid because it appears to be arbitrary and unreasonable and has no relation to the public safety, health, morals, comfort, or general welfare." Id. 175 So. at 539. "What objectionable characteristic touching the comfort or other general welfare of the surrounding community may obtain as to a private school which would not probably obtain in greater degree as to a public school has not been suggested, and, we think, for the very good reason that none exists. For this reason alone the ordinance as amended must be held to be arbitrary." Id.
The case of City of Miami Beach v. 8701 Collins Avenue, 77 So.2d 428 (Fla. 1954), is also persuasive. In that case a zoning ordinance allowed as a permitted use in a hotel building "barber shops, beauty shops, tobacco, magazine, newspaper and drug sundry shops, and valet and massage service facilities". Appellee in that case owned a hotel and desired to include in the hotel a beachwear shop, clothing shop, jewelry shop and coffee shop. Citing Lear, the court stated "it is impossible to comprehend how a millinery shop, for example, could be considered more obnoxious or detrimental to the public welfare than a barbershop. If there be no justifiable distinctions, and none are indicated, then certainly the restrictions of the amendment, insofar as appellee is concerned, are discriminatory, unconstitutional and void." Id. at 430-31.
Zoning ordinances properly relate to the use, and not to the ownership, of land and improvements. The terms public libraries, public museums, and public schools in this zoning ordinance properly refer to the use of facilities in the zoning district and not to their ownership. Appellee's proposed use of his proposed privately owned and operated museum will constitute a public museum as long as it is open to the public. Appellee's proposed use of his property for a museum open to the public at large will be no more obnoxious or detrimental to the residents of this zone or to the general public than would a similar use made in a facility owned and operated by a governmental or "public" agency.
The City of Kissimmee was without lawful authority to prohibit the proposed use and to deny appellee the necessary permits and licenses and the trial court's final judgment granting appropriate relief is
AFFIRMED.
ORFINGER, C.J., and FRANK D. UPCHURCH, Jr., J., concur.