541 So.2d 169 (1989)
STUART SPORTFISHING, INC., Appellant,
v.
KEHOE, et al., Appellees.
No. 88-0553.
District Court of Appeal of Florida, Fourth District.
April 12, 1989.
*170 Steven L. Perry of Crary, Buchanan, Bowdish & Bovie, Stuart, for appellant.
Sheila Wolfson of Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel, P.A., Miami, for appellee-Mariner Cay Property Owners Ass'n, Inc.
POLEN, Judge.
Appellant, as new owner of marina property adjacent to appellees' residential property, sought approval to build and operate a restaurant and raw bar on the site. Prior to this, appellees and the previous owners of appellant's property had entered into a settlement agreement regarding current and future use of the marina property. The future use of the property was limited to "light marine related business such as marine electronics, sales of new and used boats, ships store, marine canvas, bait shop, and/or similar ones which would be permitted under the current zoning of the property."
Appellees filed motions for enforcement of the settlement agreement in an attempt to prevent appellant from building the restaurant and raw bar. Appellant claimed the use was permitted under the current zoning code, and the settlement agreement was a restrictive covenant which should be strictly construed in favor of free use of the property consistent with current zoning requirements.
The trial court ordered appellant to discontinue its efforts to gain approval of the restaurant and raw bar plans. We affirm the trial court's order and its interpretation of the settlement agreement. The trial court properly interpreted the paragraph limiting future use of the property to light marine-related businesses as excluding a restaurant and raw bar. Whether the document is viewed as a restrictive covenant or a contract, the rule of construction, ejusdem generis, applies in interpreting the future use paragraph. Ejusdem generis provides
that where general words follow an enumeration of persons or things, by words of a particular and specific meaning, such general words are not to be construed in their widest extent, but are to be held as applying only to persons or things of the same general kind or class as those specifically mentioned.
Black's Law Dictionary 464 (5th ed. 1979). See also Noble v. Kisker, 134 Fla. 233, 183 So. 836, 837 (1938) (in construction of laws, wills and other instruments, when certain things are enumerated, and then a phrase is used which might be construed to include other things, it is generally confined to things ejusdem generis).
A restaurant and raw bar are not light marine-related businesses as the phrase was intended and used by the parties to the settlement agreement. The businesses that are specifically enumerated are clearly usual and customary accessory businesses or services reasonably necessary to serve the needs of boat owners using the marina. A restaurant and raw bar do not fit into this intended use category. Accordingly, we affirm the order under review.
DOWNEY and LETTS, JJ., concur.