FARMER, J.
The trial court properly admitted evidence to explain an ambiguity arising from the following provision from the Declaration of Restrictions for Jonathan’s Landing:
“That area designated as a marina in the Southeast portion of the Master Land Use Plan shall be operated as a marina for the purchase, sale, storage, docking, care, maintenance and repairing of boats or any lawful business incident thereto.” [e.s.]
The meaning of the phrase “or any lawful business incident thereto” is not clear. What constitutes a business “incidental” to a marina is not subject to a single meaning as a matter of law.
We distinguish our decision in Stuart Sportfishing Inc. v. Kehoe, 541 So.2d 169 (Fla. 4th DCA 1989), where the limiting provisions was:
“light marine related business such as marine- electronics, sales of new and used boats, ships store, marine canvas, bait shop, and/or similar ones which would be permitted under the current zoning of the property.” [e.s.]
We applied the principle of ejusdem gener-is because the listing following the initial term was intended to constitute a limitation to the “light marine related business.”
In the present case, the additional phrase “or any lawful business incident thereto” was intended to introduce an additional category of “incidental” uses. A restaurant/bar can legally be not related to a “light marine” business but at the same time factually “incidental” to a standard (i.e., not “light”) marine usage, as defined by the provision we construe today.
The evidence at trial supports the trial judge’s conclusion that a 100-seat restaurant and bar could be reasonably incidental to the operation of a “marina for the purchase, sale, storage, docking, care, maintenance and repairing of boats.”
AFFIRMED.
GUNTHER and GROSS, JJ., concur.