364 So.2d 850 (1978)
PASCO COUNTY, a Political Subdivision of the State of Florida, Appellant,
v.
TAMPA DEVELOPMENT CORPORATION, a Florida Corporation, Appellee.
No. 77-1349.
District Court of Appeal of Florida, Second District.
November 29, 1978.
*851 Gerald A. Figurski and David W. Rynders, County Attys., Port Richey, for appellant.
Tom Ross of Sumner, Tyner, Williams, McKnight & Ross, Dade City, for appellee.
RYDER, Judge.
This is an appeal from a final judgment enjoining appellant Pasco County [hereinafter, county] from enforcing its restrictive zoning ordinance so as to preclude appellee Tampa Development Corporation [hereinafter, developer] from developing those portions of its development shown on its plat as multiple family and duplex lots. We reverse.
There is also a cross-appeal by appellee developer from that portion of the final judgment ruling that the proposed duplex and multiple family uses of the development were not "grandfathered in" under the county's zoning ordinance. On the basis of the record and the authorities cited by both parties, we affirm this aspect of the final judgment without further discussion.
Turning now to the operative facts relevant to this appeal, the appellee is a developer who has been selling unimproved lots in its development in a rural area of central Pasco County. No plan or plat of these lots was submitted to the county for its approval or for any other purpose, although appellee developer had obtained an Order of Registration from the Division of Florida Land Sales on June 21, 1972. This Order included appellee's master plot plan. Further, appellee never requested multifamily or duplex zoning for any part of its property from the county.
Prior to the adoption of the ordinance at issue, 75-21, in November of 1975, effective January 1976, no zoning restrictions existed in Pasco County. With the adoption of this *852 zoning ordinance, appellee's property was zoned in an agricultural-residential category. Multiple family and duplex uses were prohibited. This ordinance was lawfully adopted after considerable study, appropriate notice and hearings.
By June 1976 appellee had expended over $400,000.00 on improvements (specifically, the construction of roads  not the construction of buildings or other facilities) to the property, as well as purchasing Quail Hollow Boulevard for an additional $150,000.00. By that same date, appellee had sold 185 of 237 planned duplex lots and 87 of 131 planned multiple family lots (as well as substantial numbers of single family and commercial lots, not restricted under the ordinance in question and thus not significant to this discussion). Appellee had also expended very large sums as its cost of making these sales (advertising, commissions, and the like) amounting to approximately $2,000,000.00 as of the date of the final hearing in this cause.
Subsequent to the adoption of the aforesaid zoning ordinance, holders of contracts for deed to lots in those portions of appellee's property designated as multifamily and duplex in appellee's master plot plan applied to appellant county for building permits for the construction of either multifamily or duplex dwellings, but the county refused to issue building permits on the basis of the zoning restrictions. The county is permitting the single family residential and commercial lots to be developed as planned.
In March of 1977 appellee filed this action contending that appellant county was equitably estopped from enforcing the zoning ordinance against appellee because of appellee's good faith reliance on the absence of any zoning in the county prior to 1975. The trial court ruled in appellee's favor and found that the doctrine of equitable estoppel was controlling as to the facts of this case, on the authority of this court's decision in Town of Largo v. Imperial Homes Corporation, 309 So.2d 571 (Fla.2d DCA 1975). Accordingly, final judgment was entered enjoining appellant Pasco County from enforcing its zoning ordinance so as to preclude appellee from developing the multiple family and duplex lots in its development.
As noted at the outset, we disagree with the learned trial judge's ruling in this regard. The trial court's reliance on Town of Largo, supra, is misplaced because of a vital distinction between the present case and Largo; here, the county committed no act or omission upon which the developer could rely in good faith in making substantial changes in position or incurring extensive expenses so as to invoke the doctrine of equitable estoppel.
In Town of Largo, at the developer's request, the Town rezoned the tract in question to a multiple family classification. The Town knew full well that the developer planned a multiple family development. The developer then relied on the Town's action in rezoning the property (which in effect invited the developer onto the proverbial welcome mat) by expending large sums of money. Subsequently, of course, the Town rezoned the property to a more restrictive class, and that suit ensued, culminating in this court's affirmance of the trial court's ruling that equitable estoppel applied so as to prevent the Town from enforcing the later restrictive zoning.
Therefore, in Town of Largo, it may be seen that there was clear and definite affirmative action on the part of the local zoning authority upon which the developer there relied, and that act of the government is a prerequisite to applying the doctrine of equitable estoppel. Hollywood Beach Hotel Company v. City of Hollywood, 329 So.2d 10 (Fla. 1976); Texas Co. v. Town of Miami Springs, 44 So.2d 808 (Fla. 1950); Town of Largo v. Imperial Homes Corporation, supra. As stated by the trial judge in the final judgment affirmed by this court in Town of Largo, supra, 309 So.2d at 573, "One party will not be permitted to invite another onto a welcome mat and then be permitted to snatch the mat away to the detriment of the party induced or permitted to stand thereon. A citizen is entitled to rely on the assurances *853 and commitments of a zoning authority and if he does, the zoning authority is bound by its representations, whether they be in the form of words or deeds... ."
The distinction between Largo and this case thus emerges. Here, there was no positive, affirmative act taken by the county as the local zoning authority upon which the developer could legitimately rely. We hold that the trial court erred under the facts of this case in finding that the appellee developer was entitled to and did rely upon the absence of any land use or zoning regulation of appellant. This was error because we noted even in Town of Largo, supra, that the Supreme Court of Florida has held that the mere purchase of land does not create a right to rely on existing zoning. City of Miami Beach v. 8701 Collins Ave., 77 So.2d 428 (Fla. 1954).
We are aware that City of Miami Beach v. 8701 Collins Ave., supra, involved an amendment to an existing zoning ordinance so as to eliminate certain permitted uses, where the instant case involves the adoption of a new ordinance where no prior regulatory zoning ordinance had existed, but we do not view this as any meaningful difference within the present context. The mere existence of a present right to a particular use of land, whether derived from a less restrictive zoning ordinance or no zoning ordinance at all, is not a sufficient "act" of government upon which to base equitable estoppel.
Indeed, the Florida Supreme Court stated in City of Miami Beach v. 8701 Collins Ave., supra, at 430:
"This Court has never gone so far as to hold that a City will be estopped to enforce an amendment to a zoning ordinance merely because a party detrimentally alters his position upon the chance and in the faith that no change in the zoning regulations will occur. It is our view that such a doctrine would be an unwise restraint upon the police power of the government. All that one who plans to use his property in accordance with existing zoning regulations is entitled to assume is that such regulations will not be altered to his detriment, unless the change bears a substantial relation to the health, morals, welfare or safety of the public."
We are also aware that this court's opinion in Town of Largo stated that the doctrine of equitable estoppel could be invoked when a property owner relied in good faith upon some "omission" of the local zoning authority. Appellee contends that the absence of any zoning regulation on the subject property prior to January of 1976 constituted a "failure" of the zoning authority to act and, consequently, a sufficient "omission" upon which to base equitable estoppel. We reject this contention. In our view, just as the absence of zoning prior to 1976 is not a sufficient governmental act, neither is it a sufficient governmental omission under the law upon which to apply the doctrine of equitable estoppel. We consider it rudimentary law that an omission means a negligent or culpable omission where the party failing to act was under a duty to do so. Otherwise, silence or inaction will not operate to work an estoppel. In our view, the appellant county was under no lawful duty to act by way of zoning. Appellee is correct in pointing out that in Chapter 67-310, Laws of Florida, the legislature gave all counties in Florida the authority to enact comprehensive zoning. This authority, however, is not tantamount to a duty to zone within the facts of this case. Our reading of the record reveals no "omission" within the meaning of the Town of Largo opinion sufficient to base the application of equitable estoppel in this case.
We also would note that appellee, as a landowner, itself had a duty to inquire of and confer with appellant county regarding the uses of the property that would be permitted. Indeed, the Order of Registration issued by the Florida Land Sales Board in June of 1972, upon which appellee places substantial importance in various portions of its argument, declares and advises appellee that questions about the zoning of the property should be directed to the Board of County Commissioners of Pasco County.
*854 In short, then, we reaffirm our opinion in Town of Largo, supra, but the facts contained in the record of the case sub judice are so substantially distinguishable that Largo is simply not applicable herein.
Therefore, we reverse the final judgment appealed from with regards to its application of the doctrine of equitable estoppel and injunction of the appellant county from enforcing its zoning ordinance as aforesaid. As stated at the outset, as to the cross-appeal, we affirm the final judgment insofar as it ruled that the duplex and multiple family uses of appellee's development were not grandfathered in by appellant's ordinance 75-21.
Accordingly, the final judgment appealed from is REVERSED in part; AFFIRMED in part; and remanded with directions to enter final judgment for appellant/defendant Pasco County consistent with this opinion.
BOARDMAN, Acting C.J., and DANAHY, J., concur.