400 So.2d 1242 (1981)
CITY OF FORT PIERCE, Florida, a Municipal Corporation, Mayor Buell Brown, John D. Browning, Havert Fenn, Grover Leslie, Jack Long and William R. Moore, Director of Fort Pierce Building and Zoning Department, Appellants/Cross-Appellees,
v.
Arthur DAVIS and Calvin Smith, Appellees/Cross-Appellants.
No. 80-336.
District Court of Appeal of Florida, Fourth District.
June 3, 1981.
Rehearing Denied August 6, 1981.
*1243 John T. Brennan and James T. Walker of Brennan, McAliley, Hayskar, McAliley & Deckert, P.A., Fort Pierce, for appellants/cross-appellees.
J. Michael Brennan of Brennan & Muschott, Fort Pierce, for appellees/cross-appellants.
HERSEY, Judge.
The final judgment from which this appeal is taken determined that appellant, The City of Fort Pierce, should be equitably estopped from changing the zoning applicable to appellees' property.
There are really only two fundamental issues presented by the record and the briefs: the adequacy of notice and the applicability of equitable estoppel. We hold that notice was inadequate and that equitable estoppel was inappropriately applied against the city.
Appellees purchased a parcel of land zoned for commercial use but located in an area of the city which was primarily residential. A building permit was issued authorizing the renovation of a building located on the parcel. The major product line was to be beer and wine and the renovated building was to have a quick-service drive-through window.
The owners of adjacent, residential property petitioned the City Commission to rezone the parcel from commercial to residential, expressing concern that ready access to beer and wine might compromise the integrity of a large park and recreational area in the neighborhood and undermine the morals of the youth utilizing the park.
It is necessary to an understanding of the notice issue to briefly review the sequence of material events which followed the initial issuance of the building permit and receipt of the petition by the City Commission.
The building director of the city was instructed not to verify the zoning for purposes of appellees obtaining a beverage license.
The cities' planning board held meetings and recommended that the zoning be changed.
Appellees were advised of the proposal to change the zoning.
Appellees expended $3000 to $4000 to renovate the property (there is some evidence that part of these expenditures occurred before appellees had notice of the proposed change).
Notice of a public hearing scheduled for March 19, 1979, to adopt the proposed ordinance changing the zoning was advertised on March 9, 1979.
The hearing was rescheduled for May 7, 1979 and appellees' attorney was advised of this change by letter dated March 19, 1979.
The hearing was again rescheduled, this time for April 2, 1979  counsel for appellee was advised of this by letter dated March 25, 1979 and public notice was published on March 26, 1979.
First reading of the proposed zoning ordinance took place on April 2, 1979, at which time appellees' counsel objected to the notice as inadequate, citing as prejudice, insufficient time to prepare and verify a petition containing signatures of persons who *1244 favored a convenience store in the neighborhood. The second and final reading of the ordinance occurred on April 16, 1979. At that hearing appellees' counsel argued the merits of the zoning question but did not reiterate his objection to the notice.
We first address the question of whether timely notice was given. The applicable provision is contained in Section 166.041(3)(c)(1), Florida Statutes (1979):
In cases in which the proposed rezoning involves less than 5 percent of the total land area of the municipality, the governing body shall direct the clerk of the governing body to notify by mail each real party owner whose land the municipality will rezone by enactment of the ordinance and whose address is known by reference to the latest ad valorem tax records. The notice shall state the substance of the proposed ordinance as it affects that property owner and shall set a time and place for one or more public hearings on such ordinance. Such notice shall be given at least 30 days prior to the date set for the public hearing, and a copy of such notice shall be kept available for public inspection during the regular business hours of the office of the clerk of the governing body. The governing body shall hold a public hearing on the proposed ordinance and may, upon the conclusion of the hearing, immediately adopt the ordinance.
While a contestant may waive or be estopped from asserting a defect in notice as invalidating an ordinance, in the absence of waiver or estoppel the notice requirement is mandatory and jurisdictional. Malley v. Clay County Zoning Commission, 225 So.2d 555 (Fla. 1st DCA 1969). Appellee timely and specifically objected to the notice as being insufficient and showed prejudice in being unable to prepare, verify and file a counter-petition. On that basis we find the ordinance passed by the City of Fort Pierce invalid.
We must go further, however, and consider whether the city may be equitably estopped, as found by the trial court, since such a finding would preclude the city from publishing a proper notice and reenacting the ordinance in question.
Before doing so we address a facet of the final judgment material to this issue and not previously discussed. The judgment contains a provision permanently enjoining the city from enforcing residential zoning on appellees' property. This portion of the judgment is erroneous. We reverse that aspect of the final judgment as being in excess of the jurisdiction of the circuit court.
The trial court held that the city should be equitably estopped from changing the zoning on appellees' parcel from commercial to residential.
A local governmental unit may be estopped from exercising its zoning power where three conditions are met. The property owner (1) has relied in good faith upon (2) some act or omission of government, and (3) has incurred such extensive obligations and expenses that it would be highly inequitable and unjust to permit the destruction of the right which he acquired. Hollywood Beach Hotel Co. v. City of Hollywood, 329 So.2d 10 (Fla. 1976).
Before purchasing the parcel appellees determined that it was zoned commercial. In reliance on that state of the zoning the acquisition was consummated. However, the mere existence of a present right to a particular use of land, derived from a less restrictive zoning ordinance is not a sufficient "act" of government upon which to base equitable estoppel. Pasco County v. Tampa Development Corp., 364 So.2d 850 (Fla. 2d DCA 1978).
The evidence indicates that, apart from the costs of acquisition, most of which were incurred after appellees had notice of the city's intent to change the zoning, appellees' investment for renovations was in the neighborhood of $4000. Under the circumstances of this case such an expenditure is not "such extensive obligations and expenses that it would be highly inequitable and unjust" to permit the city to change the zoning. There simply is no support in the *1245 record to lend credence to the contrary conclusion which would be a necessary predicate for the trial court's holding. Thus, since we now determine that one of the three conditions enumerated in Hollywood Beach Hotel v. City of Hollywood, supra, is missing, we need not look for reliance on an act or omission of government. We therefore reverse this aspect of the final judgment as well.
We find no merit in the cross-appeal.
It will obviously be necessary for the trial court to revisit the question of awarding costs in view of our opinion.
In summary, we hold that the zoning ordinance is void for failure to give the notice required by the applicable statute; however, we also hold that the principle of equitable estoppel has no application to the facts of this case. Appellant, the City of Fort Pierce, is free to readvertise and to hold a public hearing to readopt the ordinance in question if it so chooses. We have reversed that part of the final judgment enjoining the city from doing so or from enforcing residential zoning on appellees' parcel. We also reverse the award of costs and affirm the refusal to award attorneys' fees under Section 57.041, Florida Statutes (1979).
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
LETTS, C.J., concurs.
ANSTEAD, J., dissents with opinion.
ANSTEAD, Judge, dissenting:
I believe there is substantial competent evidence in the record supporting the trial court's determination on the issue of equitable estoppel. Accordingly, I would affirm that portion of the final judgment.