Joe REDNER, Plaintiff–Appellant,

Thomas George Secchairi, Phyllis Patrick, Tammy Benard, Amanda Benard Oliver, Plaintiffs,

v.

CITRUS COUNTY, FLORIDA, Defendant–Appellee,

Charles S. Dean, Sheriff of Citrus County, Florida and individually, Skip Hudson, Alex Griffin, William F. Broska, John Barnes, Nick Bryant, Defendants.

Joe REDNER, Plaintiff–Appellant,

v.

CITRUS COUNTY, a Political Subdivision of the State of Florida, Defendant–Appellee.

No. 89–3823.

United States Court of Appeals, Eleventh Circuit.

Dec. 18, 1990.

Luke C. Lirot, Clearwater, Fla., for J. Redner, T.G. Secchairi and A.B. Oliver.

Russell W. LaPeer and Robert R. Wheeler, Pattillo & McKeever, P.A., Ocala, Fla., for Citrus County, Fla.

Before EDMONDSON and BIRCH, Circuit Judges, and RE *, Chief Judge.

* Honorable Edward D. Re, Chief Judge of the U.S. Court of International Trade, sitting by designation.

EDMONDSON, Circuit Judge:

This case presents the issue whether the federal district court properly abstained from considering the merits of a section 1983 suit brought by Joe Redner against Citrus County, Florida, in which Redner—the owner of an adult entertainment facility—challenged the constitutionality of emergency Ordinance 88–05 and its successor ordinance, 88–06,[1] when there were on-going state criminal prosecutions against Redner and his employees for violating Ordinance 88–05, which regulated adult entertainment businesses.

In federal district court, this suit—which sought a permanent injunction against the enforcement of the ordinances, declaratory judgment that the ordinances were unconstitutional, and damages from the County, the County Commissioners, and the County Sheriff—was consolidated with another section 1983 suit brought by Redner against the County. The second federal lawsuit sought a permanent injunction of the enforcement of Ordinance 88–A51[2] (a zoning ordinance) against Redner, a declaratory judgment that Ordinance 88–A51 was unconstitutional, and a declaratory judgment that Citrus County was equitably estopped from enforcing the ordinance with respect to Redner's establishment.

The federal district court (1) dismissed the claims against the Commissioners and Sheriff Dean in their individual and official capacities;[3] (2) abstained from deciding the constitutionality of Ordinances 88–05 and 88–06 on the *Younger* grounds that reaching the merits of the constitutional claims would interfere with pending state court criminal proceedings (the claims for injunctive and declaratory relief were dismissed, and the claim for damages was stayed); and (3) held that zoning Ordinance 88–A51 was a valid, content-neutral time, place and manner regulation and that Citrus County was not estopped from enforcing 88–A51 against Redner.[4]

On appeal, Redner chiefly contends that the district court, relying on *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), erred in abstaining from deciding the constitutionality of Ordinances 88–05 and 88–06. First, he contends that *Younger* does not apply because he requested no injunction of on-going state criminal proceedings, but instead requested an injunction of future prosecutions, and because, although he had been arrested twice before he filed his federal complaint, there was no pending state criminal proceeding when he filed for federal relief. In connection with this contention, he notes that the pertinent criminal pro-

---

1. Both ordinances require the licensing of adult entertainment facilities and the permitting of the people who work at such establishments and provide criminal sanctions for violating the ordinance. Ordinance 88–06 was enacted two months after 88–05 and replaced 88–05.

2. Ordinance 88–A51 is a zoning ordinance which restricts the locations in which adult entertainment facilities may be established. It was enacted when Ordinance 88–06 was enacted.

3. The commissioners in this action were properly dismissed on the grounds of legislative immunity. *See Lake County Estates, Inc. v. Tahoe Reg. Planning Agency*, 440 U.S. 391, 99 S.Ct. 1171, 59 L.Ed.2d 401 (1979); *Tenney v. Brandhove*, 341 U.S. 367, 71 S.Ct. 783, 95 L.Ed. 1019 (1951); *Healy v. Town of Pembroke Park*, 831 F.2d 989 (11th Cir.1987). The district court properly dismissed the sheriff as a defendant from the claim for damages. *Michigan v. DeFillippo*, 443 U.S. 31, 38, 99 S.Ct. 2627, 2632, 61

L.Ed.2d 343 (1979) (law enforcement officers are immune from claims for damages for enforcing presumptively valid laws). It also properly dismissed the sheriff from the claims for injunctive relief, at the conclusion of trial, because Redner made no showing that the sheriff would enforce ordinances if they were declared unconstitutional.

4. Redner did not appeal the holding of the district court that Ordinance 88–A51 was a valid, content-neutral time, place and manner regulation. He did appeal the holding of the district court that Citrus County was not estopped from enforcing 88–A51 against him. Redner was unentitled to rely on the inaction of Citrus County in not earlier adopting a zoning ordinance regulating the location of adult entertainment facilities. So, estoppel does not apply. *See City of Miami Beach v. 8701 Collins Ave., Inc.*, 77 So.2d 428, 430 (Fla.1954); *City of Fort Pierce v. Davis*, 400 So.2d 1242, 1244 (Fla.App. 4th Dist.1981); *Pasco County v. Tampa Development Corp.*, 364 So.2d 850, 853 (Fla.App. 2d Dist.1978).

ceedings were to enforce Ordinance 88–05 and that future criminal prosecutions would be under Ordinance 88–06. Second, if *Younger* abstention would apply, he contends that the bad faith exception should also apply to this case.[5]

In *Younger v. Harris,* the Supreme Court held that abstention is appropriate where federal jurisdiction has been invoked for the purpose of restraining state criminal proceedings; the Court recognized exceptions for bad faith, harassment, or a patently invalid state statute. 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). In *Samuels v. Mackell,* the Court extended *Younger* to cases in which federal jurisdiction was invoked for the purposes of obtaining declaratory relief when the federal plaintiff is a defendant in a pending state criminal prosecution, if *Younger* would have barred an injunction in the circumstances. 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971). *Younger* was further extended when the Supreme Court held that federal courts may not provide declaratory relief if a state prosecution is commenced against the federal plaintiffs "after the federal complaint is filed but before any proceedings of substance on the merits have taken place in the federal court...." *Hicks v. Miranda,* 422 U.S. 332, 349, 95 S.Ct. 2281, 2292, 45 L.Ed.2d 223 (1975); *see also Doran v. Salem Inn, Inc.,* 422 U.S. 922, 95 S.Ct. 2561, 45 L.Ed.2d 648 (1975) (denial of federal declaratory and injunctive relief in case in which plaintiffs alleged local ordinance violated First and Fourteenth Amendments). A state's trial and appeals process is considered "a unitary system," and *Younger* prevents a federal court from disrupting the process while a case is on appeal. *See New Orleans Public Service, Inc. v. Council of New Or-*

*leans,* 491 U.S. 350, ——, 109 S.Ct. 2506, 2518, 105 L.Ed.2d 298 (1989). Thus, as long as a federal challenge to a state statute or local ordinance "relate[s] to pending state proceedings, proper respect for the ability of state courts to resolve federal questions presented in state court litigation mandates that the federal court stay its hand." *Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 14, 107 S.Ct. 1519, 1527, 95 L.Ed.2d 1 (1987).

### A. Ordinance 88–05

■ Applying *Younger* and its progeny to the facts of this case, the district court properly abstained from deciding the constitutionality of Ordinance 88–05. We reject Redner's suggestion that there was no pending state criminal proceeding against him when he filed for federal relief: before he filed suit in federal court, he had been arrested and taken to jail twice for violating Ordinance 88–05 and, twice, had been released on bond.[6] Because Redner was twice released from jail on bond pending a state trial before he filed the federal suit, state criminal proceedings had begun against him. But even if we accept Redner's contention that, when he filed his suit in federal court, there were no pending state criminal proceedings, abstention was still appropriate because state criminal proceedings were well underway by the time "any proceedings of substance on the merits [had] taken place in federal court." *See Hicks,* 422 U.S. at 349, 95 S.Ct. at 2292. On the same day that the record shows the return of service of the federal complaint on defendants, Redner filed a motion to dismiss the charges in state court; Redner was found guilty in the state court long before the federal district court entered its decision to abstain. Redner's state crimi-

---

**5.** In a memorandum of law filed after oral argument to us, Redner says, finally, that even if *Younger* was once applicable, it is no longer applicable because he has now exhausted his state criminal appeals, and there are, thus, no on-going state criminal proceedings now. The issue before us, however, is whether the district court properly abstained, considering the circumstances with which it was presented when it abstained. *See Kennecott Corp. v. Smith,* 637 F.2d 181, 186, 187 (3d Cir.1980) (appellate court reviews question whether district court should

have granted relief on day on which it abstained).

**6.** Redner was arrested twice for violating Ordinance 88–05 on March 29, 1988 and was released from jail each time upon posting bond. The section 1983 suit challenging the constitutionality of Ordinance 88–05 (and, as later amended, of 88–06) was filed in federal district court on March 31, 1988.

nal conviction was on appeal when the federal court decided to abstain.[7]

■ Nor was abstention inappropriate considering the alleged bad faith of Citrus County. A prosecution is undertaken in bad faith when "a prosecution has been brought without a reasonable expectation of obtaining a valid conviction." *Kugler v. Helfant,* 421 U.S. 117, 126 n. 6, 95 S.Ct. 1524, 1531 n. 6, 44 L.Ed.2d 15 (1975). *See also* Erwin Chemerinsky, *Federal Jurisdiction* § 13.4 at 651 (1989). Redner presents no evidence that the prosecution was brought without a reasonable likelihood of obtaining a valid conviction.[8] As a result, there was no bad faith in prosecuting Redner; and the district court correctly declined to recognize a bad faith prosecution exception to *Younger* abstention.

## B. Ordinance 88–06

■ Ordinance 88–06 is not the ordinance under which Redner was arrested, prosecuted, and convicted. But, Citrus County contends that the district court properly abstained from deciding the merits on Ordinance 88–06. First, the county contends that Ordinance 88–06 is virtually identical to 88–05 in its substantive provisions[9] and that, as a consequence, a ruling of a federal court on the constitutionality of 88–06 would have necessarily interfered with the on-going state proceedings because of issue preclusion. Second, Citrus County contends that abstention on Ordinance 88–06 was proper because an injunction against its enforcement would necessarily interfere with, and nullify, a condition of the bond on which Redner was released from jail pending appeal of his convictions.

Abstention is an important federal doctrine. But we note that "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule." *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 813, 817, 96 S.Ct. 1236, 1244, 1246, 47 L.Ed.2d 483 (1976). At least, in the absence of a very high probability that a federal decision on 88–06 in this case would lead to issue preclusion in state court, the district court should have declined to abstain.

Ordinance 88–06 and Ordinance 88–05 are extremely similar, but their terms are not identical. The presence in Ordinance 88–06 of substantive provisions absent from Ordinance 88–05 potentially requires that each of Ordinance 88–06's provisions be construed in the context of these additional substantive provisions. Therefore, even if the federal district court had held Ordinance 88–06 unconstitutional, the state courts might still have properly held that Ordinance 88–05 was constitutional.[10] The federal court decision on 88–06 might have been persuasive authority in the state court, but that such a federal court decree would have inevitably barred a contrary state judgment on the constitutionality of a

---

**7.** Redner was convicted on October 6, 1988 in the County Court of Citrus County and was sentenced on October 17, 1988. But, his state appeals were not exhausted until September 28, 1990. The federal district court entered its order of abstention on Ordinances 88–05 and 88–06 on August 25, 1989.

**8.** The only bad faith that Redner asserts against defendant is the County's enacting an ordinance directed, he alleges, solely at him, one day before he planned to open his adult entertainment facility. Nothing about that act by the county seems to establish, in itself, bad faith. Redner cites no precedent to help his argument.

**9.** Redner conceded, at oral argument, that the two ordinances are virtually identical "for all material purposes of constitutional inquiry." We note, however, that there are two substantive provisions in Ordinance 88–06 not present in 88–05. They are sections 2–5(c)(1)(E) and 2–12(c). Section 2–5(c)(1)(E) states that a person or a legal entity required by the ordinance to obtain a license to operate any business enterprise, profession or activity regulated by the ordinance can be denied a license if that person or legal entity, as a licensee or an agent or employee of a licensee, (a) is convicted of a crime involving moral turpitude committed within the course of the business activity; or (b) is or has been convicted of a felony or first degree misdemeanor directly related to the specific licensed business activity. Section 2–12(c) is a parallel provision relating to the revocation of a license to operate an adult entertainment facility.

**10.** For example, the federal court might have held—or may still hold—88–06 unconstitutional on the basis of provisions in 88–06 but not in 88–05.

different ordinance is doubtful. In addition, the state criminal proceeding would not necessarily determine the constitutionality of Ordinance 88-06.[11] The state criminal proceedings could proceed to completion—and, in fact, seemingly have proceeded to completion—without a state court addressing Ordinance 88-06. Therefore, the district court's abstention on Ordinance 88-06, based on *Younger* and its progeny, was improper.

We reject the County's argument that the district court was required to abstain on Ordinance 88-06 because of Redner's bond condition.[12] The condition of Redner's appeal bond dictated that Redner "not open business in violation of any Citrus County ordinances." We read this condition to mean "any Citrus County ordinance that is constitutionally valid." The existence of the bond, in itself, adjudicates nothing on the question of ordinance validity. There were no active state court proceedings adjudicating the validity of 88-06 when the district court abstained; put differently, there were no state proceedings to which a federal court could defer about 88-06. It may be true that Redner could have triggered some state proceedings by violating 88-06 and, then, in a bond forfeiture proceeding or in some other state proceeding adjudicated 88-06's validity. But we know of no precedent that allows abstention because there may be, in the uncertain future, state court proceedings on point. *Cf. Steffel v. Thompson,* 415 U.S. 452, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974) (*Younger* abstention inappropriate if state criminal proceedings are threatened, but not pending).[13]

Conclusion

This court affirms the decisions of the district court to abstain on Ordinance 88-05, to dismiss the individual Commissioners and the Sheriff due to their immunity, and to deny equitable estoppel against Citrus County's enforcement of Ordinance 88-A51. We reverse the decision of the district court to abstain on 88-06 and remand for further proceedings.[14]

AFFIRMED in part, REVERSED in part and REMANDED.

---

11. *Cf. Reeves v. McConn,* 631 F.2d 377, 381 n. 4 (5th Cir.1980) (constitutional challenge to one subsection of ordinance not barred by *Younger* when there were pending state criminal charges against federal plaintiff for violating different subsection because state court was not required to consider that subsection in criminal proceeding).

12. Redner had been subject to a condition on his pretrial bond that he could only open and operate an adult entertainment facility if he acquired the necessary license or if a court of competent jurisdiction held the ordinance invalid. Because Redner had been tried and convicted by the time the district court had entered its abstention order, the conditions attached to Redner's pretrial bond were—or should have been—irrelevant to the district court's decision to abstain on Ordinance 88-06.

Redner's conviction, however, was still on appeal when the district court abstained, and, consequently, the conditions of his appeal bond were relevant to the district court's decision on Ordinance 88-06.

13. If we accept the County's argument, a federal decision—or the state decision, for that matter—holding unconstitutional any Citrus County ordinance relating to the operation of a business could be said to interfere with Redner's bond condition. We decline to accept this interpretation.

14. We note that the district court stayed Redner's claim for damages. To the extent that Redner's damages claim arises from the adoption of Ordinance 88-06, the stay should be dissolved and this claim should be litigated with his other claims on Ordinance 88-06. If Redner's conviction is final, his claim for damages should be dismissed to the extent that it arises from the adoption of Ordinance 88-05.

We also note that respondents requested that we take judicial notice of the outcome of certain state criminal proceedings against Redner. We grant that motion, to the extent that these decisions are generally reported.