**FOR YOUR EYES ALONE,
et al., Plaintiffs,**

v.

**CITY OF COLUMBUS, GEORGIA,
et al., Defendants.**

**Civ.A. 498CV83(HL).**

United States District Court,
M.D. Georgia,
Columbus Division.

May 13, 2001.

Steven Michel Youngelson, Cary S. Wiggins, Atlanta, GA, for Plaintiffs.

Eugene Hardwick Polleys, Jr., Columbus, GA, for defendants.

LAWSON, District Judge.

Before the Court is Defendants' renewed motion for summary judgment (Tab # 30). For the reasons stated herein, the Court **ABSTAINS** from considering Plaintiffs' objections to Section 14–228 of the Columbus Adult Entertainment Code, and the Court **GRANTS** Defendants' motion for summary judgment as to Plaintiffs' void-for-vagueness challenges to Section 14–227 of the Columbus Adult Entertainment Code.

## A. *Facts*

There are four Plaintiffs in this case. Four Your Eyes Alone, Inc. ("FYEA") owns and operates a lingerie modeling studio in Columbus, Georgia. The other three plaintiffs work at FYEA. Ms. Sherman and Ms. Baskin are lingerie models who work as independent contractors. Mr. Pennza is the general manager. On April 22, 1998, Plaintiffs filed their cause of action, claiming that Columbus's adult entertainment code violates the due process and equal protection clauses of the United States and Georgia Constitutions, the takings and contracts clauses of the United States Constitution, the First, Fourth and Ninth Amendments to the United States Constitution, and Art. 1, ¶ 5 of the Georgia Constitution. They seek injunctive and declaratory relief, damages and attorneys' fees. On April 27, 1998, Defendants filed a motion to dismiss (Tab # 5), and on April 29, 1998, Defendants filed their first motion for summary judgment (Tab# 10). On July 20, 1998, Judge Elliot granted Defendants' motion to dismiss and declared Defendants' motion for summary judgment moot (Tab # 22). In the Court's order, Judge Elliot reasoned that Plaintiffs were attempting to re-litigate the same matter which was addressed in the *Quetgles* litigation. *See Quetgles, et al. v. City of Columbus, et al.*, 268 Ga. 619, 491 S.E.2d 778 (1997). Dismissing Plaintiffs' complaint, Judge Elliot wrote that this Court lacks jurisdiction to review final state court judgments.

Plaintiffs appealed Judge Elliott's decision, and on October 4, 1999 the Court of Appeals for the Eleventh Circuit affirmed in part, vacated in part and remanded the case to the district court. Specifically, the Eleventh Circuit concluded that Plaintiffs' vagueness, equal protection, free speech, privacy, takings and contracts clause challenges to Columbus' enforcement of § 14–228 are not barred by claim or issue preclusion or the *Rooker/Feldman* doctrine. It also concluded that it was inappropriate for the district court to abstain from hearing FYEA's, Baskin's and Sherman's claims on the basis of Columbus' prosecution of Pennza. The Eleventh Circuit affirmed the district court's dismissal of the overbreadth claim. The Eleventh Circuit noted that on remand, the Court is free to consider whether *Younger* requires it to abstain from hearing Pennza's claims and whether Columbus is immune from damages. After the case was remanded to the district court, Columbus renewed its motion for summary judgment.

## B. *Discussion*

Plaintiffs object to two provisions of the Columbus adult entertainment ordinance. The first prohibits "private modeling sessions" in requiring that "modeling sessions" and "sexual displays" take place in "a regular show area with open seating." Columbus Code art. VI, § 14–228. The second provision prevents a person who has been convicted of a felony from owning, managing, operating or being employed by an adult entertainment for five years after conviction. Columbus Code art. VI, § 14–227. The Court will discuss the issues raised by the renewed motion for summary judgment in turn.

### 1. Ordinance 14–228—Open seating

 *Younger* abstention prohibits federal courts from enjoining pending state actions except under extraordinary circumstances where the danger of irreparable loss is both great and immediate. *See Younger v. Harris,* 401 U.S. 37, 44–45, 91 S.Ct. 746, 750–51, 27 L.Ed.2d 669 (1971). *Younger* abstention is justified because of the recognition in the interest in federal-state comity and the limited role that courts of equity have. *Id. Younger* abstention is appropriate when (1) there is an ongoing state judicial proceeding, (2) the proceeding implicates important state interests, and (3) the proceeding offers an adequate opportunity to raise constitutional issues. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n.,* 457 U.S. 423, 432, 102 S.Ct. 2515, 2521, 73 L.Ed.2d 116 (1982).

 Under the *Younger* abstention doctrine, the Court must abstain from deciding the constitutionality of Ordinance 14–228 [1] because Mr. Pennza is being prosecuted under this section of the ordinance. Federal courts may not provide declaratory relief where a state prosecution is pending, even if the case is on appeal. *See Redner v. Citrus County,* 919 F.2d 646, 649 (11th Cir.1990) (citing *New Orleans Public Service, Inc. v. Council of New Orleans,* 491 U.S. 350, 368–69, 109 S.Ct. 2506, 2518, 105 L.Ed.2d 298 (1989) (holding that a state's trial system is "a unitary system" and that *Younger* prevents a federal court from disrupting the process while a case is on appeal)). Here, Mr. Pennza was arrested on March 4, 1998 for violating the "open seating" provision of Ordinance 14–228. (Miller, Chief of Police, Aff., Exhs.) Since that time, Mr. Pennza was found guilty in Muscogee County Recorder's Court. (Transcr. of Mot. for Summ.J. Hearing, April 3, 2001 at 20, lines 3–13.) Mr. Pennza's appeal has been pending before the Muscogee County State Court since 1998. (*Id.* at 21, lines 1–10.) Despite the unusual and unexplained length of the pendency of this appeal, the Court has no power to hasten the proceedings of the Muscogee County State Court and, under *Redner,* it has no power to provide declaratory relief where a state prosecution is pending. Therefore, the Court **ABSTAINS** from considering the merits of Mr. Pennza's objections to Ordinance 14–228.

*Younger* abstention analysis is complicated here because the remaining federal plaintiffs (Four Your Eyes Alone, Inc., Wendy Sherman and Diane Baskin) are not parties in the state criminal proceeding against Robert Pennza. Since there is inexact identity of the parties in the separate state and federal proceedings, the issue is whether a related party is barred by *Younger* from seeking federal court relief despite the absence of a pending prosecution as to that party. The answer to this inquiry lies in the doctrine of "derivative abstention" and is governed by a trilogy of cases. *See generally Hicks v. Miranda,* 422 U.S. 332, 95 S.Ct. 2281, 45 L.Ed.2d 223 (1975); *Doran v. Salem Inn, Inc.,* 422 U.S. 922, 95 S.Ct. 2561, 45 L.Ed.2d 648 (1975); *Steffel v. Thompson,* 415 U.S. 452, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974). In *Hicks,* the Court created the "intertwined interests" concept, holding that abstention was appropriate where theater owners (individual

---

**1.** "No adult entertainment establishment shall allow and no employee thereof shall engage in private modeling sessions or other activities involving sexual displays in which one employee is placed in a one-on-one situation with one customer, and a regular show area with open seating shall be required for such sessions or displays; neither shall any adult entertainment establishment or any employee thereof allow personal physical contact or close mingling between customers and employees." Columbus Code art. VI, § 14–228.

and corporate parties) filed a suit in federal court seeking a declaratory judgment shortly after two of their employees were charged with distribution of obscenity, concluding that the legally distinct parties were so "intertwined" as to require abstention. *See Hicks* 422 U.S. 332, 349, 95 S.Ct. 2281, 2291–92, 45 L.Ed.2d 223. Conversely, in *Doran*, the Court held that three owners of topless bars were legally distinct parties and abstention as to one did not require abstention as to the other two, even though they were "represented by common counsel and [had] similar business activities and problems, [because] they [were] apparently unrelated in terms of ownership, control, and management." *Doran*, 422 U.S. 922, 928–29, 95 S.Ct. 2561, 2566, 45 L.Ed.2d 648. In *Steffel*, the Court was faced with the question of whether Younger abstention should be extended to preclude federal courts from making declaratory judgments regarding federal rights at issue in threatened, but not pending, state criminal prosecutions. *Steffel*, 415 U.S. 452, 483, 94 S.Ct. 1209, 1227, 39 L.Ed.2d 505. *Steffel* is recognized as creating a distinction between the invasive effects of injunctions and declaratory judgments, in an attempt to answer the question whether preclusion alone raises federalism concerns. *Id.* at 415 U.S. 452, 466–67, 71–72, 94 S.Ct. 1209, 1219–20, 1221–22 (explaining that declaratory judgment is a less intrusive remedy than an injunction because it requires a lesser showing, and that a declaratory judgment provides relief when legal or equitable remedies are too intrusive or otherwise inappropriate).

■ The facts in this case are most closely aligned with those in *Hicks* because all of the federal plaintiffs owned, managed, or were employed by the same establishment. Ms. Baskin and Ms. Sherman's interests are intertwined with Mr. Pennza's pending conviction because they too could be prosecuted for violating the "regular show area with open seating" provision of Ordinance 14–228 if they choose to continue working at the lingerie modeling studio. Likewise, Mr. Pennza's interests are intertwined with the other three federal plaintiffs because they all stand to suffer financial loss if the ordinance is found to be constitutional. Moreover, the relationship among the parties is dissimilar to that in *Doran* because, here, the parties all worked for or owned the same lingerie modeling business, where in *Doran*, the parties owned three different topless bars. Therefore, the parties here are not legally distinct and abstention as to all parties is appropriate.

## 2. Ordinance 14–227—Five year limitation for convicted felons.

■ The remainder of Plaintiffs' complaint raises a void-for-vagueness challenge to Section 14–227 of the Columbus Adult Entertainment Code. The Court need not abstain from considering the merits of Plaintiffs' objections to Ordinance 14–227[2] because Mr. Pennza is not being prosecuted under this section of the Columbus Code. *See Redner* at 651. Vagueness arises when an ordinance is so unclear as to what conduct is applicable that persons of common intelligence must

---

2. "No person shall own, manage, operate in any manner or be employed in any capacity by an adult entertainment establishment who has been convicted of or pled guilty or nolo contendere to any federal or state felony within five years of applying for the permit from the chief of police necessary to do business or

to be employed, nor shall any such person who has been convicted of or pled guilty or nolo contendere to any federal or state misdemeanor involving moral turpitude within two years of such application be issued such a permit." Columbus Code art. VI, § 14–227.

necessarily guess at its meaning and differ as to its application. *See Broadrick v. Oklahoma*, 413 U.S. 601, 607, 93 S.Ct. 2908, 2913, 37 L.Ed.2d 830 (1973); *Mason v. Florida Bar*, 208 F.3d 952, 958–59 (11th Cir.2000). The void-for-vagueness doctrine is founded on the basic principle of due process and serves two central purposes: (1) to provide fair notice of prohibitions so that individuals may steer clear of unlawful conduct; and (2) to prevent arbitrary and discriminatory enforcement of laws. *See Grayned v. City of Rockford*, 408 U.S. 104, 108, 92 S.Ct. 2294, 2298, 33 L.Ed.2d 222 (1972). Here, Mr. Pennza objects[3] to Ordinance 14–227 on the grounds that it is unconstitutionally vague "because it prohibits owners and employees who have lawfully conducted and have been lawfully employed at adult entertainment businesses from continuing their employment if they have convictions." (Pls.' Complaint at ¶ 36.) The Court fails to see how this is a colorable argument under the vagueness doctrine. The argument that an employee would be precluded from working at or owning a business does not come close to addressing the question of whether Ordinance 14–227 is so unclear as to what conduct is applicable that persons of common intelligence must necessarily guess at its meaning and differ as to its application. Even if Mr. Pennza had artfully pled his vagueness objection, it is without merit. Ordinance 14–227[4] mandates that any person "who has been convicted of or pled guilty or nolo contendere to any federal or state felony" must wait five years before applying for a permit to own or be employed by an adult entertainment establishment. Columbus Code art. VI, § 14–227. A person "who has been convicted of or pled guilty or nolo contendere to any federal or state misdemeanor involving moral turpitude" must wait two years before applying for such a permit. *Id.* There is nothing vague about the portion of the ordinance which refers to convictions regarding felonies and misdemeanors involving moral turpitude. To fall within the bounds of the ordinance, a person must have been convicted of or pled guilty or nolo contendere to a felony or a misdemeanor involving moral turpitude. Those offenses are set out in detail in the United States, Georgia, and Columbus Codes. Generally, a crime involving dishonesty or false statement is considered to be one involving "moral turpitude." *See United States v. Gloria*, 494 F.2d 477, 481 (5th Cir.1974); *see also James v. Headley*, 410 F.2d 325, 334 (11th Cir.1969) (stating that " 'moral turpitude' is a term used as a test in a number of situations and one that is sufficiently definite to serve as a standard"). There is nothing vague about the time limits in the ordinance either. If a person has been convicted of or pled guilty or nolo contendere to a felony, he must wait five years before applying for a permit which allows him to work in an adult entertainment establishment. Those persons who are convicted of or plead guilty or nolo contendere to any federal or state misdemeanor involving moral turpitude must wait two years. In both cases, the time limits run from the date one is convicted or pleads guilty or nolo contendere until the date one applies for a business permit. Finally, the term "adult enter-

---

**3.** The remaining Plaintiffs (Four Your Eyes Alone, Inc., Wendy Sherman and Diane Baskin) lack standing to sue under Ordinance 14–227 because they are not convicted felons and were not prosecuted under this section of the Columbus Code. *See generally Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (standing requires (1) that the plaintiff suffer an injury in fact, (2) that the injury by traceable to the defendant's action, (3) that the injury can be redressed).

**4.** *See supra* note 2.

tainment establishment" is defined by the statute:

Adult entertainment establishments are defined as businesses in which, as the major activity, customers congregate primarily for the purpose of viewing or associating with employees who display anatomical areas designed to provide sexual stimulation or sexual gratification: human genitals, the immediate pubic region, or pubic hair; buttocks to the extent of exposing the immediate anal area; female breasts to points below the nipples; male genitals in a state of erection, even if covered with opaque clothing; all of the above anatomical areas when covered only by transparent or diaphanous clothing.

Columbus Code art. VI, § 14–223. As noted above, Plaintiff makes no specific objections to this definition. The term "sexual stimulation" and "sexual gratification," as used in Columbus's Adult Entertainment Code are not unconstitutionally vague. *See IDK, Inc. v. Clark County,* 836 F.2d 1185, 1198 (9th Cir.1988) (noting that such terms are not vague). Additionally, the definition describes the term "anatomical areas" in great detail such that a reasonable person need not guess at its meaning. Therefore, Defendants' motion for summary judgment is **GRANTED** as to

Plaintiffs' void-for-vagueness challenge to Ordinance 14–227.

## C. Conclusion

For the reasons stated above, the Court **ABSTAINS** from considering the merits of Plaintiffs' objections to Section 14–228 of the Columbus Adult Entertainment Code because Mr. Pennza's prosecution under this ordinance is on appeal before the Muscogee County State Court, and because the interests of the remaining federal Plaintiffs are intertwined with Mr. Pennza's interests. Defendants' motion for summary judgment is **GRANTED** as to Mr. Pennza's vagueness objections to Section 14–227 of the Columbus Adult Entertainment Code because a reasonable person need not guess as to the ordinance's meaning. The remaining Plaintiffs lack standing to sue under Ordinance 14–227 because they are not convicted felons and were not prosecuted under this section of the Columbus Code.