[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15869
Non-Argument Calendar
_____

D.C. Docket No. 6:15-cv-01009-CEM-TBS


MARIE HENRY,
Individually and on behalf of her child, M.E. as her
interests may appear,

                                                    Plaintiff-Appellant,

versus

THE FLORIDA BAR,
JOHN F. HARKNESS, JR.,
Executive Director Florida Bar, in his professional
and individual capacities,
JOANN M. STALCUP,
Bar Counsel Florida Bar in her professional and
individual capacities,
ADRIA E. QUINTELA,
Director Lawyer Regulation in her professional and
individual capacities,
JAN K. WICHROWSKI,
Chief Brank Discipline Counsel, in her professional
and individual capacities,

                                                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 14, 2017)

Before TJOFLAT, HULL and WILSON, Circuit Judges.

PER CURIAM:

Marie Henry, proceeding *pro se* on behalf of herself and her child, appeals the dismissal of her civil rights complaint against the Florida Bar and John F. Harkness, the executive director of the Florida Bar; JoAnn Stalcup, counsel for the Florida Bar; Adria Quintela, director of lawyer regulation for the Florida Bar; and Jan Wichrowski, chief branch discipline counsel for the Florida Bar (collectively, "individual defendants"), alleging violations of 42 U.S.C. §§ 1981, 1983, 1985, 1986, 1988 and state laws, as being barred by immunity and the *Younger*[1] abstention doctrine.  On appeal, Henry argues that the Florida Bar should not be entitled to Eleventh Amendment immunity because it is not an arm of the state, that the individual defendants are not immune from suit, and that the *Younger* abstention doctrine should not apply. We address each argument in turn.

I.

_____

[1] *Younger v. Harris*, 401 U.S. 37 (1971).

2

We review *de novo* the grant of a motion to dismiss based upon a state's Eleventh Amendment immunity.  *In re Employment Discrimination Litig. Against State of Ala.*, 198 F.3d 1305, 1310 (11th Cir. 1999).  We also review *de novo* whether an entity constitutes an arm of the state under Eleventh Amendment immunity analysis.  *Lightfoot v. Henry Cnty. Sch. Dist.*, 771 F.3d 764, 768 (11th Cir. 2014).

Eleventh Amendment immunity bars suits by private individuals against a state in federal court unless the state consented to be sued, waived its immunity, or Congress abrogated the states' immunity.  *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363-64 (2001).  Congress has not abrogated Eleventh Amendment immunity in 42 U.S.C. §§ 1981, 1983, or 1985 cases, and Florida has not waived its Eleventh Amendment immunity in federal civil rights actions.  *Sessions v. Rusk State Hosp.*, 648 F.2d 1066, 1069 (5th Cir. June 26, 1981); *Gamble v. Florida Department of Health and Rehabilitative Services*, 779 F.2d 1509, 1511 (11th Cir. 1986); *Fincher v. State of Fla. Dep't of Labor & Employment Sec. Unemployment Appeals Comm'n*, 798 F.2d 1371, 1372 (11th Cir. 1986).  A successful claim under 42 U.S.C. § 1986 is predicated on a successful action under § 1985.  *Morast v. Lance*, 807 F.2d 926, 930 (11th Cir. 1987).

"To receive Eleventh Amendment immunity, a defendant need not be labeled a 'state officer' or 'state official,' but instead need only be acting as an

3

'arm of the State.'" *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003) (en banc).  We previously held that the Florida Bar is an arm of the state to which Eleventh Amendment immunity is extended.  *Kaimowitz v. Florida Bar*, 996 F.2d 1151, 1155 (11th Cir. 1993); *Nichols v. Alabama State Bar*, 815 F.3d 726, 732 (11th Cir. 2016); see also Rules Regulating the Florida Bar, Chapter 1, Introduction ("The Supreme Court of Florida by these rules establishes the authority and responsibilities of The Florida Bar, an official arm of the court.").  Furthermore, we previously held that the Florida Bar Rules establish that officials acting in disciplinary proceedings are agents of the Florida Supreme Court; thus, they are entitled to absolute immunity.  *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).

Suits against state officials in their official capacities are treated as suits against the state.  *Hafer v. Melo*, 502 U.S. 21, 25 (1991).  Official-capacity defendants may assert the same immunities that the governmental entity possesses. *Id.*  However, the Eleventh Amendment does not bar claims against a state official who acted outside the scope of his statutory authority or pursuant to an unconstitutional authority.  *Cate v. Oldham*, 707 F.2d 1176, 1180 (11th Cir. 1983). Furthermore, under the doctrine enunciated in *Ex parte Young*, a suit requesting injunctive relief on a prospective basis for an ongoing constitutional violation against a state official in his or her official capacity is not a suit against the state,

and thus does not violate the Eleventh Amendment. *Grizzle v. Kemp*, 634 F.3d 1314, 1319 (11th Cir. 2011). Additionally, we previously held that neither a state nor its officials acting in their official capacities are "persons" under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

Under the prior panel precedent rule, subsequent panels are bound by the holding of a prior panel until it is overruled or undermined to the point of abrogation by a decision of the Supreme Court or this Court sitting *en banc*. *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008). There is no "overlooked reason or argument" exception to the prior precedent rule. *United States v. Johnson*, 528 F.3d 1318, 1320 (11th Cir. 2008), *rev'd on other grounds*, 559 U.S. 133 (2010). An intervening decision of the Supreme Court can overrule the decision of a prior panel, but the Supreme Court decision must be clearly on point. *Archer*, 531 F.3d at 1352.

Eleventh Amendment immunity bars Henry's claims against the Florida Bar under 42 U.S.C. §§ 1981, 1983, and 1985 because neither Congress nor the state of Florida have abrogated Eleventh Amendment immunity under those claims. *See Bd. of Trs. of Univ. of Ala.,* 531 U.S. at 363–64; *Sessions*, 648 F.2d at 1069; *Gamble*, 779 F.2d at 1511; *Fincher*, 798 F.2d at 1372. We previously held that the Florida Bar is entitled to Eleventh Amendment immunity as an arm of the state, and the prior panel rule requires that we adhere to that holding. *Kaimowitz*, 996

F.2d at 1155; *Archer*, 531 F.3d at 1352. Furthermore, because Eleventh Amendment immunity bars Henry's 42 U.S.C. § 1985 claim against the Florida Bar, she cannot make a successful § 1986 claim. *See Morast*, 807 F.2d at 930.

The individual defendants are likewise immune as state officials from Henry's claims against them in their official capacities for monetary damages. *See Hafer*, 502 U.S. at 25. Henry failed to show that the individual defendants acted according to unconstitutional authority or acted outside of their authority to remove them from Eleventh Amendment immunity; in fact, Henry stated in her complaint that the individual defendants were acting within the course and scope of their employment with the Florida bar during her disciplinary proceedings. *See Cate*, 707 F.2d at 1180. The *Ex Parte Young* exception to Eleventh Amendment immunity only applies to prospective injunctive relief and thus does not overcome immunity for monetary damages. *Grizzle*, 634 F.3d at 1319. Finally, the individual defendants were entitled to absolute immunity as agents of the Florida Supreme Court and were not "persons" subject to suit under 42 U.S.C. § 1983. *See Carroll*, 984 F.2d at 393; *Will*, 491 U.S. at 71.

## II.

We review the district court's decision to apply *Younger* abstention for an abuse of discretion. *Hughes v. Attorney General of Florida*, 377 F.3d 1258, 1262

(11th Cir. 2004). A district court abuses its discretion when it makes an error of law. *United States v. Pruitt*, 174 F.3d 1215, 1219 (11th Cir. 1999).

In *Younger v. Harris*, the Supreme Court held that a federal court should not act to restrain an ongoing state court criminal prosecution. 401 U.S. at 55. The Supreme Court expanded the *Younger* abstention doctrine to apply to pending civil proceedings which implicate state courts' important interests in administering certain aspects of their judicial systems, including state disciplinary proceedings because they are judicial in nature and implicate important state interests. *Green v. Jefferson Cty. Comm'n*, 563 F.3d 1243, 1250-51 (11th Cir. 2009); *Middlesex Cnty. Ethics Comm. v. Garden State Bar Assoc.*, 457 U.S. 423, 434-35 (1982). Younger abstention applies to claims for injunctive relief, as well as claims for declaratory judgment that would effectively enjoin state proceedings. *Old Republic Union Insurance Co. v. Tillis Trucking Co.*, 124 F.3d 1258, 1261 (11th Cir. 1997).

For *Younger* abstention to apply, state judicial proceedings must be ongoing, the proceedings must implicate important state interests, and the federal plaintiff must have an adequate opportunity to raise constitutional challenges in the state proceedings. *31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003). The first factor is met when a state proceeding is ongoing and the relief sought by the plaintiff would interfere with the state proceeding. *Id.* at 1275–76. The plaintiff's requested relief can interfere with the state proceeding if it would disrupt

7

the normal course of action in the state proceeding, even if the relief sought would not terminate an ongoing proceeding. *Id.* at 1276. We previously held that, in determining whether a proceeding is ongoing and *Younger* is applicable, the date of filing of the federal complaint is the relevant date. *Liedel v. Juvenile Court of Madison Cty., Ala.*, 891 F.2d 1542, 1546 n. 6 (11th Cir. 1990).

For the third factor, the plaintiff has the burden to show that the state proceeding will not provide him an adequate remedy for his federal claim. *31 Foster Children*, 329 F.3d at 1279. "A federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Id.* (internal quotation omitted).

Exceptions to *Younger* abstention include bad faith, harassment, or a patently invalid state statute. *Redner v. Citrus County*, 919 F.2d 646, 649 (11th Cir. 1990). A proceeding is initiated in bad faith if it is brought without a reasonable expectation of obtaining a valid conviction. *Id.* at 650. A state statute may cause irreparable injury, justifying an exception to *Younger* abstention, when it flagrantly and patently violates express constitutional prohibitions. *Hughes*, 377 F.3d at 1264. Extraordinary circumstances may justify an exception to *Younger* abstention when the state court cannot fairly and fully adjudicate the constitutional issues and the plaintiff presents "an extraordinarily pressing need for immediate federal equitable relief." *Kugler v. Helfant*, 421 U.S. 117, 124-25 (1975).

The district court did not abuse its discretion in determining that Henry's remaining claims, including her claims for injunctive relief, were barred by the *Younger* abstention doctrine. *See Old Republic Union Insurance Co.*, 124 F.3d at 1261. *Younger* is applicable because the state proceeding was ongoing due to the fact that the Florida Supreme Court judgment was not final at the time that Henry filed her complaint, the disciplinary proceedings were judicial and implicated important state interests, a decision in federal court would interfere with the state proceeding, and Henry had an opportunity to raise her constitutional concerns in the state proceedings. *31 Foster Children v. Bush*, 329 F.3d at 1274–76; *Liedel*, 891 F.2d at 1546 n. 6; *Middlesex*, 457 U.S. at 434–35. Henry did not show that she could not raise her concerns in the state proceedings, and she did not show that any of the exceptions to *Younger* should apply. *31 Foster Children*, 329 F.3d at 1279; *Redner*, 919 F.2d at 649.

**AFFIRMED.**